**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>       Plaintiff,<br><br>   v.<br><br>DELL TECHNOLOGIES INC., DELL INC., EMC CORPORATION, AND VMWARE, INC.,<br><br>       Defendants. | Case No. 6:20-cv-00480-ADA<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

## TABLE OF CONTENTS

Page

I. INTRODUCTION ...................................................................................................................1

II. BACKGROUND .....................................................................................................................2

    A. The '133 Patent ............................................................................................. 2

    B. The Accused Products................................................................................... 3

III. LEGAL STANDARD..............................................................................................................4

    A. Direct Infringement....................................................................................... 4

    B. Induced and Contributory Infringement ....................................................... 4

IV. ARGUMENT...........................................................................................................................5

    A. Plaintiff Fails to State a Claim for Direct Infringement ............................... 5

    B. Plaintiff Fails to State a Claim for Induced and Contributory Infringement.................................................................................................. 7

        1. Plaintiff's Indirect Infringement Claims Fail Without Direct Infringement..................................................................................... 7

        2. Plaintiff Fails to Allege the Requisite Knowledge for Indirect Infringement..................................................................................... 8

        3. Plaintiff Fails to Allege the Requisite Specific Intent for Induced Infringement..................................................................................... 9

        4. Plaintiff Fails to Allege the Requisite Lack of Substantial Noninfringing Uses for Contributory Infringement................................ 10

V. CONCLUSION......................................................................................................................11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
620 F. App'x 934 (Fed. Cir. 2015) ...........................................................................................5, 9

*Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*,
No. W:13-CV-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) .................................5, 10

*Aguirre v. Powerchute Sports, LLC*,
No. SA-10-CV-0702 XR, 2011 WL 2471299 (W.D. Tex. June 17, 2011) ..............................8

*Artrip v. Ball Corp.*,
735 F. App'x 708 (Fed. Cir. 2018) ........................................................................................10

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .................................................................................................................4

*Avocet Sports Tech., Inc. v. Garmin Int'l, Inc.*,
C 11–04049 JW, 2012 WL 1030031 (N.D. Cal. Mar. 22, 2012) .............................................9

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .................................................................................................................4

*Brandywine Commc'ns Techs., LLC v. T-Mobile USA, Inc.*,
904 F. Supp. 2d 1260 (M.D. Fla. 2012) ...................................................................................9

*Chapterhouse, LLC v. Shopify, Inc.*,
No. 2:18-CV-00300-JRG, 2018 WL 6981828 (E.D. Tex. Dec. 11, 2018) ...............................6

*Commil USA, LLC v. Cisco Sys., Inc.*,
135 S. Ct. 1920 (2015) .........................................................................................................5, 8

*De La Vega v. Microsoft Corp.*,
2020 WL 3528411 (W.D. Tex. Feb. 11, 2020) ........................................................................4

*Dodots Licensing Sols. LLC v. Lenovo Holding Co., Inc.*,
No. CV 18-098 (MN), 2018 WL 6629709 (D. Del. Dec. 19, 2018) ......................................10

*DSU Med. Corp. v. JMS Co.*,
471 F.3d 1293 (Fed. Cir. 2006) ................................................................................................9

*Enplas Display Device Corp. v. Seoul Semiconductor Co., Ltd.*,
909 F.3d 398 (Fed. Cir. 2018) .............................................................................................4, 7

## TABLE OF AUTHORITIES
(continued)

Page(s)

*Fujitsu Ltd. v. Netgear Inc.*,
   620 F.3d 1321 (Fed. Cir. 2010) ................................................................................................5

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   563 U.S. 754 (2011) ..................................................................................................................5

*Horatio Wash. Depot Techs. LLC v. TOLMAR, Inc.*,
   No. 17-1986-LPS, 2018 WL 5669168 (D. Del. Nov. 1, 2018) .................................................6

*Hypermedia Navigation LLC v. Google LLC*,
   No. 18-CV-06137-HSG, 2019 WL 1455336 (N.D. Cal. Apr. 2, 2019) ...................................10

*Intellectual Ventures I LLC v. Motorola Mobility LLC*,
   870 F.3d 1320 (Fed. Cir. 2017) ............................................................................................4, 7

*Lormand v. US Unwired, Inc.*,
   565 F.3d 228 (5th Cir. 2009) ....................................................................................................4

*Parity Networks, LLC v. Cisco Sys., Inc.*,
   No. 6:19-CV-00207-ADA, 2019 WL 3940952 (W.D. Tex. July 26, 2019) ........................9, 10

*Parus Holdings Inc. v. Apple Inc.*,
   No. 6:19-cv-432, Feb. 20, 2020 Text Order GRANTING D.I. 54
   (W.D. Tex. Feb. 20, 2020) ........................................................................................................8

*Proxyconn Inc. v. Microsoft Corp.*,
   No. SACV 11-1681-DOC-ANX, 2012 WL 1835680 (C.D. Cal. May 16, 2012) .....................9

*Xpoint Technologies, Inc. v. Microsoft Corp.*,
   730 F. Supp. 2d 349 (D. Del. 2010) .........................................................................................9

I.      INTRODUCTION

The Complaint should be dismissed because it fails to plausibly allege that Defendants Dell Technologies, Inc., Dell Inc., EMC Corporation, and VMware, Inc. (collectively, "Defendants") have directly and indirectly infringed the claims of U.S. Patent No. 7,539,133 (the "'133 patent"), which involves queueing priority for transmitting packets based on whether they are destined for a congested egress node.

Plaintiff WSOU Investments, LLC fails to plausibly state a claim for direct infringement because Plaintiff has not alleged that Defendants' accused products meet each and every limitation of the claims.  In particular, Plaintiff fails to allege that Defendants meet the following three claim limitations that represent practically the entirety of the claimed method:  (1) "determining an egress node associated with each of a plurality of packets of a traffic flow"; (2) "determining, for each packet, whether a congestion condition exists on the egress node"; and (3) "processing the packets . . . associated with egress nodes for which the congestion condition does not exist" such that those packets "have a different queueing priority . . . than packets associated with egress nodes for which the congestion condition exists."  Plaintiff offers only conclusory statements that "congestion conditions are detected" somewhere on a network, or that "packets are dropped" in some unspecified manner "[u]nder congestion."  D.I. 1 ¶¶ 20–21.  Plaintiff fails to allege—as the claims require—that packets are processed with "different queueing priority" based *specifically* on whether they are associated with an *egress node* that is experiencing a "congestion condition."

Plaintiff's conclusory indirect infringement allegations also should be dismissed.  For instance, they are based on Defendants' purported knowledge of the patent only as of the date of service of the Complaint, which repeatedly has been held insufficient to meet the *Iqbal/Twombly* standard.  Plaintiff also fails to allege other key legal requirements, including specific intent for induced infringement and the lack of substantial non-infringing uses for contributory infringement.

1

## II.   BACKGROUND

### A.   The '133 Patent

Plaintiff filed the Complaint on June 2, 2020.  Plaintiff asserts that Defendants directly and indirectly infringe at least claim 1 of the '133 patent.  D.I. 1 ¶¶ 23–24, 26–27.  Claim 1 recites:

> A method for processing traffic in a load-balancing network comprising a plurality of nodes, comprising:
>
> **determining an egress node** associated with each of a plurality of packets of a traffic flow received at an ingress node adapted for splitting the traffic flow into a plurality of traffic flow portions **independent of the egress node** by which each packet is assigned to exit the load-balancing network;
>
> **determining, for each packet, whether a congestion condition exists** on the egress node; and
>
> **processing the packets such that packets associated with egress nodes for which the congestion condition does not exist have a different queuing priority within the load-balancing network than packets associated with egress nodes for which the congestion condition exists**.

'133 patent, 16:28–42 (emphasis added).

The '133 patent generally relates to "control[ling] queuing priority of packets traversing a load-balancing network." *Id.* at 2:48–49.  These data packets "enter" the network through "ingress nodes," and are forwarded to "egress nodes," from which the packets "leave" the network.  *Id.* at 2:52–55, 2:62–64.  If the amount of traffic of packets at a particular egress node reaches a particular threshold, the egress node becomes "congested."  *See id.* at 1:43–2:2, 2:48–3:6, 15:12–44.

As depicted in the flowchart of Figure 6 below, the claims of the '133 patent involve determining the egress node with which packets at an ingress node are "associated" (or to where they are "destined"), determining whether the egress node is experiencing a "congestion condition," and if so, "processing" the packets with a "different queueing priority" as compared to packets destined for an egress node that is not congested.  *Id.* at 12:60–14:12.

2



FIG. 6

Determining the egress node to which the packets at an ingress node are associated can be achieved by including within "the packet header a destination MAC address indicative that the packet is destined for" the particular egress node. *Id.* at 13:24–27. In addition, a "process module" at the ingress node can be used to determine whether the associated egress node is congested. *Id.* at 9:41–47; *see also id.* at 13:35–37. Packets "destined for a congested egress node" are then either "dropped with a higher probability" or are given a "lower queuing priority than packets associated with uncongested egress nodes." *Id.* at 9:61–65, 3:7–21, 13:48–64.

B.   **The Accused Products**

Plaintiff alleges that Defendants' products "incorporating VMware's VeloCloud solutions and SD-WAN software, such as Dell EMC SD-WAN Edge 600 series products" (the "Accused Products") infringe the '133 patent claims. D.I. 1 ¶ 15. Plaintiff alleges that the "Accused Products can provide a cloud network service solution enabling sites to deploy enterprise-grade access to legacy and cloud applications over both private networks and Internet broadband." *Id.* ¶ 16.

3

### III.   LEGAL STANDARD

####   A.   Direct Infringement

A complaint should be dismissed under Federal Rules of Civil Procedure 12(b)(6) if it "fail[s] to state a claim upon which relief can be granted." The complaint must include more than "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must allege non-conclusory facts that make liability "plausible," meaning the facts they "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) ("The complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim"). For a claim of patent infringement, the complaint must—at a minimum—plead facts that describe how the allegedly infringing product infringes. *See De La Vega v. Microsoft Corp.*, 2020 WL 3528411, at *6–7 (W.D. Tex. Feb. 11, 2020).

####   B.   Induced and Contributory Infringement

To plead indirect infringement, the complaint must first plead direct infringement by a third party. *See Intellectual Ventures I LLC v. Motorola Mobility LLC*, 870 F.3d 1320, 1329 (Fed. Cir. 2017) ("A finding of direct infringement is predicate to any finding of indirect infringement[.]"); *Enplas Display Device Corp. v. Seoul Semiconductor Co., Ltd.*, 909 F.3d 398, 407 (Fed. Cir. 2018) (same).

For both contributory and induced infringement, Plaintiff must also plead facts to support an inference of each defendant's "knowledge of the patent in suit and knowledge of patent

infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015); *see Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015).

For induced infringement, Plaintiff additionally must plead facts showing that each defendant "had [a] specific intent to induce the [third party's] patent infringement." *Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*, No. W:13-CV-365, 2014 WL 2892285, at *2 (W.D. Tex. May 12, 2014). The "specific intent" element is "demanding" and requires more than "unsubstantiated assertions" or "generalized allegations" as to the intent of the alleged infringer. *Affinity Labs*, 2014 WL 2892285, at *7, 21. Specific intent requires more than knowledge of the induced acts; rather, the accused infringer must have "knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011).

For contributory infringement, Plaintiff must also plead "that the component has no substantial noninfringing uses, and [] that the component is a material part of the invention." *Affinity Labs*, 2014 WL 2892285, at *8 (citing *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010)).

IV.   ARGUMENT

   A.   **Plaintiff Fails to State a Claim for Direct Infringement**

Plaintiff fails to plausibly allege that the Accused Products meet at least the following three limitations of the '133 patent, which essentially constitute the entirety of the claimed method: (1) "determining an egress node associated with each of a plurality of packets of a traffic flow"; (2) "determining, for each packet, whether a congestion condition exists on the egress node"; and (3) "processing the packets . . . associated with egress nodes for which the congestion condition does not exist" such that those packets "have a different queueing priority . . . than packets associated with egress nodes for which the congestion condition exists."

The *Iqbal/Twombly* standard requires more than a bare-bones allegation that alleged products, like those involving the particular technology in this case, "meet each and every element of at least one claim of the asserted patent." *See, e.g.*, *Chapterhouse, LLC v. Shopify, Inc.*, No. 2:18-CV-00300-JRG, 2018 WL 6981828, at *2–3 (E.D. Tex. Dec. 11, 2018) (granting dismissal as to patent claims involving "hardware and software" technology relating to a "transaction receipt system," and holding that "[w]hile screenshots may be useful in laying out a plausible allegation of patent infringement, Plaintiff must further allege how the screenshots meet the text of the exemplary claim in order to lay out sufficient factual allegations which might permit the Court to find that the *Iqbal/Twombly* standard is met."); *see also Horatio Wash. Depot Techs. LLC v. TOLMAR, Inc.*, No. 17-1986-LPS, 2018 WL 5669168, at *11 (D. Del. Nov. 1, 2018) ("In order to adequately plead direct (and indirect and willful) infringement, a plaintiff needs to have pleaded facts that plausibly indicate that the accused products contain *each of the limitations* found in the claim." (emphasis added)).

Here, the Complaint offers *no allegations at all* that the Accused Products meet these three key claim limitations.  The Complaint is *silent* as to whether the Accused Products determine an egress node that is "associated" with packets at an ingress node.  In addition, Plaintiff never alleges that the Accused Products determine "whether a congestion condition exists" on an "egress node."  Nor does Plaintiff allege that packets are ever dropped or "process[ed]" with a "different queuing priority" based on a determined congestion condition at a particular egress node.

At most, Plaintiff vaguely states that "congestion conditions are detected" somewhere on a network, rather than accusing the Accused Products of determining a congestion condition *at an egress node* specifically.  D.I. 1 ¶ 20.  Likewise, Plaintiff broadly states that "packets are dropped" "[u]nder congestion," but provides no further information about *what* precisely is congested.  *Id.*

¶ 21. In other words, Plaintiff never alleges what the '133 patent claims require: that packets are processed with "different queueing priority" based specifically on whether an associated *egress node* is congested.

Thus, because Plaintiff fails to plausibly allege that Defendants have met each and every limitation of the '133 patent claims, Plaintiff's claim for direct infringement should be dismissed.

### B.     Plaintiff Fails to State a Claim for Induced and Contributory Infringement

Plaintiff's indirect infringement claims are also deficient and should be dismissed. As an initial matter, Plaintiff's failure to plausibly allege direct infringement precludes its claims of induced and contributory infringement. Beyond that failing, Plaintiff has failed to plead any knowledge of the patent or knowledge of infringement ***prior*** to the filing of this action. Plaintiff also fails to plead a specific intent to induce infringement. And, Plaintiff has not pled, and cannot plead, that there are no substantial noninfringing uses. Each of these failures independently warrants dismissal of Plaintiff's indirect infringement allegations.

#### 1.     Plaintiff's Indirect Infringement Claims Fail Without Direct Infringement

Plaintiff's indirect infringement allegations are insufficient as a matter of law as Plaintiff fails to plausibly allege direct infringement. *See supra* § IV.A. It is axiomatic that "[i]n order to succeed on a claim of inducement, the patentee must show, first that there has been direct infringement . . . ." *Enplas*, 909 F.3d at 407 (citations omitted); *see also Intellectual Ventures*, 870 F.3d at 1329 ("A finding of direct infringement is predicate to any finding of indirect infringement . . . ."). As a result, Plaintiff has also failed to adequately plead its claims of induced and contributory infringement and these claims should be dismissed.

### 2. Plaintiff Fails to Allege the Requisite Knowledge for Indirect Infringement

Plaintiff's indirect infringement claims also fail because they do not plead the required "knowledge of the patent in suit and knowledge of patent infringement." *Commil*, 135 S. Ct. at 1926. As courts in this District have held, the knowledge requirements for indirect infringement require **pre-suit** knowledge. *See Aguirre v. Powerchute Sports, LLC*, No. SA-10-CV-0702 XR, 2011 WL 2471299, at *3 (W.D. Tex. June 17, 2011) (holding that reliance "on knowledge of [plaintiff's] patent after the lawsuit was filed . . . is insufficient to plead the requisite knowledge for indirect infringement").

Despite this clear requirement, Plaintiff's sole allegation of knowledge of the patent is a conclusory statement that "Defendants have received notice and actual or constructive knowledge of the '133 Patent *since at least the date of service of this Complaint*." D.I. 1 ¶ 25 (emphasis added).[1] This Court has rejected identical allegations of knowledge. For example, in *Parus* this Court dismissed indirect infringement claims where plaintiff's only allegation of knowledge of the patent was that "Defendant Apple has had knowledge of the '431 Patent *since at least the filing of the original complaint*." *Parus*, No. 6:19-cv-432, at D.I. 28 (Amended Compl.) (emphasis added), ¶ 44; *see id.*, at Feb. 20, 2020 Text Order GRANTING D.I. 54 (W.D. Tex. Feb. 20, 2020) (dismissing indirect infringement claims). Like the allegations in *Parus*, Plaintiff fails to allege pre-suit knowledge and thus fails to state a claim for indirect infringement. *See id.*; *Aguirre*, 2011

---

[1] Plaintiff's allegation of knowledge of infringement is likewise deficient as it alleges such knowledge only "[s]ince at least the date of service of this Complaint." D.I. 1 ¶¶ 26–27; *see, e.g., Parus Holdings Inc. v. Apple Inc.*, No. 6:19-cv-432, Feb. 20, 2020 Text Order GRANTING D.I. 54 (W.D. Tex. Feb. 20, 2020) (dismissing indirect infringement claims where the only allegations of knowledge of infringement were that "[b]y the time of trial, Defendant Apple will have known and intended (since receiving such notice) that their continued actions would actively induce the infringement of the claims of the '431 Patent" (D.I. 28 (Amended Compl.), ¶ 44)).

8

WL 2471299, at *3; *Brandywine Commc'ns Techs., LLC v. T-Mobile USA, Inc.*, 904 F. Supp. 2d 1260, 1268–69 (M.D. Fla. 2012) ("Also, because notice of the patent is necessarily provided by a complaint, finding that a complaint provides sufficient knowledge for induced infringement would vitiate the Supreme Court's holding in *Global-Tech* that an allegation of knowledge of the patent is required to state a claim for induced infringement.").[2]

### 3. Plaintiff Fails to Allege the Requisite Specific Intent for Induced Infringement

Plaintiff also entirely fails to plead specific intent in support of its inducement claim. Allegations of specific intent require factual "'evidence of culpable conduct, ***directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities***.'" *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-CV-00207-ADA, 2019 WL 3940952, at *2 (W.D. Tex. July 26, 2019) (quoting *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006)) (emphasis added). Plaintiff's allegations of specific intent amount to a single conclusory statement that Defendants "actively induced" others to infringe through their advertising and promotional materials and some website citations. *See* D.I. 1 ¶ 26. Such conclusory allegations fail to present facts that demonstrate: (1) Defendants knew that the alleged acts infringed, and (2) Defendants knew that the promotion of their products would induce or encourage others to infringe the '133 patent. *See Addiction*, 620 F. App'x at 938 ("[S]imply

---

[2] Other courts similarly have held that "knowledge after filing of the present action is not sufficient for pleading the requisite knowledge for indirect infringement." *Xpoint Technologies, Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 357 (D. Del. 2010); *Avocet Sports Tech., Inc. v. Garmin Int'l, Inc.*, C 11–04049 JW, 2012 WL 1030031, at *4 (N.D. Cal. Mar. 22, 2012); *Proxyconn Inc. v. Microsoft Corp.*, No. SACV 11-1681-DOC-ANX, 2012 WL 1835680, at *5 (C.D. Cal. May 16, 2012); *Brandywine*, 912 F. Supp. 2d at 1345 ("The weight of authority addressing the knowledge required for indirect infringement . . . requires a plaintiff to allege that defendant had pre-suit knowledge of the patents-in-suit.").

recit[ing] the legal conclusion that Defendants acted with specific intent" fails to plead "facts that would allow a court to reasonably infer that Defendants had the specific intent to induce infringement."); *Affinity Labs*, 2014 WL 2892285, at *7, *21 (finding "Plaintiffs generalized allegations that Toyota induced others to infringe the Asserted Patents through its marketing and sales tactics are [] insufficient"). To support specific intent, Plaintiff must include specific allegations mapping the advertisement or promotion to the performance of the claimed steps of the patent—i.e., "evidence of culpable conduct, direct to encouraging another's infringement." *Parity*, 2019 WL 3940952, at *2.³

Plaintiff's inducement claim should be dismissed because the Complaint is entirely silent on a key requirement of induced infringement.

### 4. Plaintiff Fails to Allege the Requisite Lack of Substantial Noninfringing Uses for Contributory Infringement

Plaintiff's contributory infringement allegations also fail because Plaintiff did not "'plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses.'" *Artrip v. Ball Corp.*, 735 F. App'x 708, 713 (Fed. Cir. 2018) (citations omitted). Plaintiff has not done so and cannot do so. Plaintiff's only allegation on these elements is a conclusory statement that repeats the legal elements. *See* D.I. 1 ¶ 27. As the Federal Circuit held in *Artrip,* conclusory allegations are not enough. 735 F. App'x at 713 (affirming dismissal of a contributory infringement claim where the "complaint did not plausibly assert facts to suggest that

---

³ *See also Hypermedia Navigation LLC v. Google LLC*, No. 18-CV-06137-HSG, 2019 WL 1455336, at *3 (N.D. Cal. Apr. 2, 2019) ("In no way does the complaint detail *how* an end user would infringe Hypermedia's patents by following instructions in the links provided in the complaint.") (emphasis in original); *Dodots Licensing Sols. LLC v. Lenovo Holding Co., Inc.*, No. CV 18-098 (MN), 2018 WL 6629709, at *4 (D. Del. Dec. 19, 2018) (holding mere citations to websites were insufficient to plead specific intent).

[Defendant] was aware of the patents or facts to suggest that the [Accused Product] it supplied had no substantial noninfringing use"). Plaintiff's failure to raise a plausible inference of no substantial noninfringing uses and materiality is fatal to its contributory infringement claim, and as such it should be dismissed.

## V.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion and dismiss Plaintiff's Complaint in its entirety for failure to plausibly state a claim for relief, without leave to amend. Pursuant to L.R. CV-7(h), Defendants request an oral hearing on the foregoing motion.

Dated:  October 5, 2020  By:  */s/ Barry K. Shelton*
Barry K. Shelton
Texas State Bar No. 24055029
bshelton@sheltoncoburn.com
SHELTON COBURN LLP
311 RR 620, Suite 205
Austin, TX  78734-4775
Telephone:  512.263.2165
Facsimile:  512.263.2166

Benjamin Hershkowitz
bhershkowitz@gibsondunn.com
Brian A. Rosenthal
brosenthal@gibsondunn.com
Allen Kathir
akathir@gibsondunn.com
Kyanna Sabanoglu
ksabanoglu@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Y. Ernest Hsin
ehsin@gibsondunn.com
Jaysen S. Chung
jschung@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA  94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306

Ryan K. Iwahashi
riwahashi@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone:  650.849.5300
Facsimile:  650.849.5333

*Attorneys for Defendants
Dell Technologies Inc., Dell Inc.,
EMC Corporation, and VMware, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 5th day of October 2020, the foregoing was filed electronically in compliance with Local Rule CV-5(b)(1) and served via the Court's electronic filing system on all counsel who have consented to electronic service:

Brett Aaron Mangrum, Attorney for WSOU
brett@etheridgelaw.com

Jeffrey Huang, Attorney for WSOU
jhuang@etheridgelaw.com

Ryan Scott Loveless, Attorney for WSOU
ryan@etheridgelaw.com

Travis Lee Richins, Attorney for WSOU
travis@etheridgelaw.com

James L. Etheridge, Attorney for WSOU
jim@etheridgelaw.com

/s/ Barry K. Shelton
Barry K. Shelton