**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>Plaintiff,<br><br>v.<br><br>DELL TECHNOLOGIES INC., DELL INC., EMC CORPORATION, AND VMWARE, INC.,<br><br>Defendants. | Case No. 6:20-cv-00480-ADA<br>Case No. 6:20-cv-00481-ADA<br>Case No. 6:20-cv-00485-ADA<br>Case No. 6:20-cv-00486-ADA<br><br>**JURY TRIAL DEMANDED** |

**DECLARATION OF BRIAN A. ROSENTHAL IN SUPPORT OF
DEFENDANTS' RESPONSIVE CLAIM CONSTRUCTION BRIEF
REGARDING U.S. PATENT NOS. 7,092,360; 7,539,133; 7,636,309; AND 9,164,800**

I, Brian A. Rosenthal, declare as follows:

1. I am an attorney permitted to practice law before this Court *pro hac vice* and am licensed to practice law in New York and the District of Columbia. I am a partner with the law firm of Gibson, Dunn & Crutcher LLP and counsel of record for Defendants Dell Technologies Inc., Dell Inc., EMC Corporation, and VMware, Inc. (collectively, "Defendants") in the above-captioned action. I have personal knowledge and/or am directly informed of the matters stated below and, if called, would testify to them under oath.

2. On behalf of Defendants, I attended a January 28, 2021 meet-and-confer call with counsel for WSOU Investments, LLC to narrow claim construction disputes in the above-captioned cases. My co-counsel, Benjamin Hershkowitz, Y. Ernest Hsin, Jaysen Chung, and Kyanna Sabanoglu, also attended the call on behalf of Defendants. Counsel for WSOU who attended the call included Brett Mangrum and Ryan Loveless. I have conferred with each of the attendees from Gibson Dunn listed above to confirm that my recollection of that call was accurate. Each has confirmed that my recollection is accurate and that WSOU's statements in its brief regarding this call are inaccurate.

3. Among other disputed claim terms, I addressed the following terms in U.S. Patent No. 7,092,360 that use the phrase "means . . ." or "means for . . .": "detection means for detecting a state of an element" (Claims 1 and 18); "comparing means for comparing the detected state with a predetermined state for said element and for outputting the result of the comparison" (Claims 1 and 24); and "determining means for determining an expected value of said parameter" (Claim 18). I stated that I understood WSOU's position to be that these claims overcome the presumption that the terms must be construed under 35 U.S.C. § 112, ¶ 6. I asked Mr. Mangrum to explain WSOU's position.

1

4. Mr. Mangrum responded by using the "detection means" term as an example and referring me to claim 1 of the '360 patent. He directed me to the specification and asked me whether the corresponding structure for the "detection means" was located in "monitor 107" depicted in Figure 2. I replied that the modules (110, 112, 114 . . . to 130) (which actually perform the recited function) are located in the monitor 107, so that the answer was that the corresponding structure for the "detecting means" was indeed located in monitor 107. He then directed me back to claim 1 and asked me whether I agreed that "monitor" is recited in the claim. Mr. Mangrum advised that he was asking this question solely for the purposes of the meet-and-confer discussion, and that he would not "hold" me to any statements I made during the discussion about this topic.

5. I responded to Mr. Mangrum by acknowledging that the word "monitor" is recited in the claim. Mr. Mangrum then declared that I had "admitted" that the claim recites corresponding structure for the claimed "detection means." He then attempted to move the conversation to a different topic. I interrupted him and told him immediately that he had mischaracterized my response. I stated, unequivocally, that Defendants do ***not*** agree that the "monitor" is itself corresponding structure for the "detection means" and therefore Defendants disagree that the claim's recitation of "monitor" overcomes the Section 112, ¶ 6 presumption. I further stated unequivocally that my acknowledgment that the word "monitor" is recited in the claim was not an admission that "monitor" is the structure that performs the recited functions, or that its recitation overcomes the presumption. I further told Mr. Mangrum that if he tried to characterize this discussion in the way that he attempted to—*i.e.*, by suggesting that I had admitted that the claim itself recited corresponding structure—that such a characterization would be false. The conversation about this topic ended there and we did not discuss further any of the "means for" terms in the '360 patent, since it was now apparent that Mr. Mangrum's purpose in discussing

them was to try to bait me into a false admission rather than try to resolve disputes.

6. I was surprised to see in WSOU's claim construction brief the statement that "Dell admitted through counsel (during a telephonic meet and confer) that the specification discloses a 'monitor' as structure corresponding to the 'detecting a state of an element of said scheduler.'" D.I. 80 at 7. WSOU repeatedly relies on this so-called "party admission" throughout its discussion of the '360 patent means-plus-function terms. WSOU's characterization of the parties' meet-and-confer is false, and is exactly the characterization that I told Mr. Mangrum was false during our meet-and-confer. To the contrary, as discussed above, after Mr. Mangrum stated on the call that I had admitted that the claims themselves disclose corresponding structure for the disputed terms, I explicitly told Mr. Mangrum that he had mischaracterized my statements, and that I unequivocally did not agree that the claims themselves included corresponding structure for the claims.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 17, 2021

                                         */s/ Brian A. Rosenthal*
                                         Brian A. Rosenthal