# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>*Plaintiff*,<br><br>v.<br><br>DELL TECHNOLOGIES INC., DELL INC., EMC CORPORATION, AND VMWARE, INC.,<br><br>*Defendants*. | Case No. 6:20-cv-00480-ADA-DTG<br>Case No. 6:20-cv-00481-ADA-DTG<br>Case No. 6:20-cv-00486-ADA-DTG<br><br>**JURY TRIAL DEMANDED**<br><br> |

## DEFENDANTS' MOTION TO EXCLUDE CERTAIN OPINIONS OF STAN MCCLELLAN, PH.D

**TABLE OF CONTENTS**

Page

I. BACKGROUND ............................................................................................................1

II. LEGAL STANDARD....................................................................................................2

III. THE COURT SHOULD EXCLUDE DR. MCCLELLAN'S APPORTIONMENT
ANALYSIS BECAUSE IT IS ARBITRARY, FLAWED, AND UNRELIABLE..............2

    A. Dr. McClellan's "Methodology" Is No More Than *Ipse Dixit*..................................2

    B. Dr. McClellan's "Best Estimates" Are Arbitrary and Unsound................................5

    C. Dr. McClellan Failed to Apportion Out (1) the Value of the '800 Patent to
the Accused Feature in Prior Art Versions of vSphere, and (2) the Value of
the Invalid Claims of the '800 and '133 Patents .......................................................7

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Contour IP Holding, LLC v. GoPro, Inc.*,
  2020 WL 5106845, (N.D. Cal. Aug. 31, 2020) ...................................................................... 8

*Daubert v. Merrell Dow Pharms., Inc.*,
  509 U.S. 579 (1993) ................................................................................................................ 3

*Eidos Display, LLC v. Chi Mei Innolux Corp.*,
  2017 WL 1322555, at *4 (E.D. Tex. Apr. 6, 2017) ................................................................. 8

*Finjan, Inc. v. Blue Coat Sys., Inc.*,
  879 F.3d 1299 (Fed. Cir. 2018) ............................................................................................... 7

*Gen. Elec. Co. v. Joiner*,
  522 U.S. 136 (1997) ................................................................................................................ 2

*GoDaddy.com LLC v. RPost Commc'ns Ltd.*,
  2016 WL 2643003 (D. Ariz. May 10, 2016) .......................................................................... 5

*Good Tech. Corp. v. Mobileiron, Inc.*,
  2015 WL 4090431 (N.D. Cal. July 5, 2015) ........................................................................... 8

*GPNE Corp. v. Apple, Inc.*,
  2014 WL 1494247 (N.D. Cal. Apr. 16, 2014) ..................................................................... 3, 6

*Johnson v. Arkema, Inc.*,
  685 F.3d 452 (5th Cir. 2012) ................................................................................................... 5

*Koninklijke Philips Elecs. N.V. v. Zoll Lifecor Corp.*,
  2017 WL 3140798 (W.D. Pa. July 25, 2017) ......................................................................... 2

*LaserDynamics, Inc. v. Quanta Comput., Inc.*,
  694 F.3d 51 (Fed. Cir. 2012) ............................................................................................... 3, 4

*NetFuel, Inc. v. Cisco Sys. Inc.*,
  2020 WL 1274985 (N.D. Cal. Mar. 17, 2020) ................................................................ 2, 3, 5

*Open Text S.A. v. Box, Inc.*,
  2015 WL 349197 (N.D. Cal. Jan. 23, 2015) ........................................................................... 3

*ResQNet.com, Inc. v. Lansa, Inc.*,
  594 F.3d 860 (Fed. Cir. 2010) ............................................................................................... 10

*Summit 6, LLC v. Samsung Elecs. Co.*,
  802 F.3d 1283 (Fed. Cir. 2015) ............................................................................................... 4

*Syneron Med. Ltd. v. Invasix, Inc.*,
    2018 WL 4696969 (C.D. Cal. Aug. 27, 2018) ............................................................................. 9

*WhereverTv, Inc. v. Comcast Cable Commc'ns, LLC*,
    2022 WL 2115487 (M.D. Fla. June 9, 2022) ............................................................................. 8

**RULES**

Fed. R. Evid. 702 ............................................................................................................................. 3

Fed. R. Evid. 702(d) ........................................................................................................................ 5

## TABLE OF ABBREVIATIONS

| Abbreviation | Term |
|---|---|
| '133 | U.S. Patent No. 7,539,133 |
| '360 | U.S. Patent No. 7,092,360 |
| '800 | U.S. Patent No. 9,164,800 |
| '800 Motion | Defendants' Motion for Summary Judgment of Noninfringement of the '800 Patent |
| Asserted Patents | '133, '360, and '800 patents |
| Defendants | Dell Technologies Inc., Dell Inc., EMC Corporation, and VMware, Inc. |
| DMPO | Dynamic Multi-Path Optimization |
| DRS | Distributed Resource Scheduler |
| EPR | *Ex parte* reexamination |
| IPR | Inter partes review |
| NetIOC | Network I/O Control |
| Plaintiff / WSOU | WSOU Investments, LLC |
| PTAB | Patent Trial and Appeal Board of the U.S. Patent and Trademark Office |
| Storage DRS | Storage Distributed Resource Scheduler |
| USPTO | U.S. Patent and Trademark Office |
| Weinstein Motion to Exclude | Defendants' Motion to Exclude Certain Portions of Mr. Roy Weinstein's Report |

## TABLE OF EXHIBITS

| Exhibit | Document |
|---|---|
| A | Transcript of November 23, 2022 Deposition of Stan McClellan, Ph.D. ("McClellan Nov. Tr.") |
| B | Expert Report of Stan McClellan, Ph.D., served on October 3, 2022 ("'360 Inf. Rpt.") |
| C | Expert Report of Stan McClellan, Ph.D., served on October 3, 2022 ("'133 Inf. Rpt.") |
| D | Expert Report of Stan McClellan, Ph.D., served on October 3, 2022 ("'800 Inf. Rpt.") |
| E | Expert Report of Kevin Jeffay, Ph.D., served on November 4, 2022 ("Jeffay Reb. Rpt.") |
| F | Transcript of December 1, 2022 Deposition of Roy Weinstein ("Weinstein Tr.") |
| G | U.S. Patent No. 9,164,800 |
| H | Final Written Decision Determining All Challenged Claims Unpatentable, *VMware et al. v. WSOU Investments, LLC* (IPR2021-00572) (September 1, 2022) ("PTAB FWD") |
| I | Expert Report of Roy Weinstein, served on October 3, 2022 ("Weinstein Rpt.") |
| J | H. Stern Email to Defendants, dated December 13, 2022 ("H. Stern Email") |
| K | Final Rejection, EPR No. 90/014,800 (April 8, 2022) ("EPR Rejection") |
| L | Transcript of December 12, 2022 Deposition of Stan McClellan, Ph.D. ("McClellan Dec. Tr.") |
| M | Transcript of May 5, 2022 Deposition of Paul Turner ("Turner Tr.") |
| N | Ex Parte Reexamination Certificate, issued November 16, 2022 for '133 patent ("Reexam Certificate") |
| O | Exhibit 2 to Expert Report of Stan McClellan, Ph.D., served on October 3, 2022 ("'360 Inf. Rpt. Exhibit 2") |

Dr. McClellan's apportionment analysis for all three Asserted Patents fails on two separate grounds, each of which is reason alone to exclude his apportionment opinions as to all three patents: (1) he employs an *ipse dixit* "methodology" to justify making up his arbitrary apportionment percentages; and (2) his "application" of that methodology is full of flawed assumptions and conclusory statements. A third ground exists to exclude his analysis for the '800 and '133 patents: he fails to account for the value of the allegedly infringing products' noninfringing features, including those that existed even before the allegedly infringing features were added, *and* he fails to apportion based on the distinct features of the remaining claims, as opposed to the generic features from the (previously asserted) claims invalidated by the USPTO.

**I.      BACKGROUND**

Dr. McClellan's apportionment analysis has four steps. . Ex. B ('360 Inf. Rpt.) ¶ 258; Ex. C ('133 Inf. Rpt.) ¶ 189; Ex. D ('800 Inf. Rpt.) ¶ 643. . *Id.* Ex. B ('360 Inf. Rpt.) ¶ 263. . Ex. C ('133 Inf. Rpt.) ¶ 189.

███████████████████████████████████████████

Ex. B ('360 Inf. Rpt.) ¶ 258; Ex. C ('133 Inf. Rpt.) ¶ 189; Ex. D ('800 Inf. Rpt.) ¶ 643.[1]

## II. LEGAL STANDARD

Defendants incorporate by reference the Legal Standard section from their concurrently filed Motion to Exclude Certain Portions of Mr. Roy Weinstein's Report.

## III. THE COURT SHOULD EXCLUDE DR. MCCLELLAN'S APPORTIONMENT ANALYSIS BECAUSE IT IS ARBITRARY, FLAWED, AND UNRELIABLE

### A. Dr. McClellan's "Methodology" Is No More Than *Ipse Dixit*

For his apportionment analysis (using the same methodology for all three Asserted Patents), Dr. McClellan does not employ a scientifically rigorous or reliable methodology. ██████ ████████████████████████████████████████████ ████████████████████████████████████ Ex. L (McClellan Dec. Tr.) 691:21–692:11; Ex. A (McClellan Nov. Tr.) 331:17–24. "[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997). Courts routinely exclude expert opinions on apportionment for failing to employ a reliable methodology. *See NetFuel, Inc. v. Cisco Sys. Inc.*, 2020 WL 1274985, at *11 (N.D. Cal. Mar. 17, 2020) (excluding "apportionments, and all opinions relying on the figures" as not backed by "sufficient facts or data" or by "reliable principles and methods"); *Koninklijke Philips Elecs. N.V. v. Zoll Lifecor Corp.*, 2017 WL 3140798, at *4 (W.D. Pa. July 25, 2017) (excluding opinion that provided "no objective support for his 50% apportionment rate" and precluding testimony that the patented features were a "significant driver" and "majority of" the value of the accused products).

---

[1] ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. Ex. I (Weinstein Rpt.) ¶¶ 99–100, 120.

2

Dr. McClellan entirely fails to analyze the relative technical contributions of the Asserted Patents to vSphere or SD-WAN; rather, his apportionment percentages are simply "plucked out of thin air based on vague qualitative notions of the relative importance of the [accused technology]." *LaserDynamics, Inc. v. Quanta Comput., Inc.*, 694 F.3d 51, 69 (Fed. Cir. 2012). ▌

▌ *See, e.g.*, Ex. B ('360 Inf. Rpt.) ¶ 259 & n.4; *see also* Ex. A (McClellan Nov. Tr.) 329:11–330:9 ▌

Ex. F (Weinstein Tr.) 152:23–153:3. ▌

▌ . B (McClellan '360 Inf. Rpt.) ¶ 259 & n.4.

It is clear, however, that "'experience' does not constitute 'sufficient facts or data' or 'reliable principles and methods.'" *GPNE Corp. v. Apple, Inc.*, 2014 WL 1494247, at *5 (N.D. Cal. Apr. 16, 2014) (citing Fed. R. Evid. 702). "'[E]xperience' cannot be tested or 'subjected to peer review and publication,' nor is there a 'known or potential rate of error.'" *Id.* (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 593–94 (1993)); *see also NetFuel*, 2020 WL 1274985, at *7 (excluding apportionment opinion based on the expert's "experience in computer network and security," "[his] knowledge of the nature and function of [the technology]," and "[his] knowledge and understanding of the Accused Products"); *Open Text S.A. v. Box, Inc.*, 2015 WL 349197, at *6 (N.D. Cal. Jan. 23, 2015) (excluding opinion of expert who "cite[d] her 'experience'—an abstraction not visible to the eyes of the Court, the jury, and opposing counsel, or testable in the crucible of cross-examination").

Yet, here, Dr. McClellan's methodology solely relies on his "experience." ███ ████████████████████████████████████████████████ Ex. L (McClellan Dec. Tr.) 685:9–686:6. ████████████████████████████████

████████████████████████████████████████████ *Id.* at 685:9–14. ████

████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

████████ *Id.* at 686:7–687:1. ████████████████████████████

████████████████████████████████████████████████████████
████████████████████████████████████████████. *See Summit 6, LLC v. Samsung Elecs. Co.*, 802 F.3d 1283, 1295 (Fed. Cir. 2015).

It is evident that Dr. McClellan's "methodology" is to make up numbers based simply on his subjective, untestable, seemingly arbitrary determinations "based on vague qualitative notions of the relative importance of the [accused technology]." *LaserDynamics*, 694 F.3d at 69. ██
████████████████████████████████████████████████████████
██████████████████████████. Ex. A (McClellan Nov. Tr.) 241:22–242:1. ████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
*Id.* at 243:5–11. ████████████████████████████████████████
████████ *Id.* at 244:13–22. ████████████████████████████
████████████████████████████████. Ex. L (McClellan Dec. Tr.) 691:23–692:11████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

4

Thus, Dr. McClellan's unreliable "best estimates" methodology concededly is not "grounded in the methods and procedures of science and . . . more than unsupported speculation or subjective belief," as *Daubert* and Rule 702 require. *Johnson v. Arkema, Inc.*, 685 F.3d 452, 459 (5th Cir. 2012); *see NetFuel*, 2020 WL 1274985, at *10 (excluding opinions where expert "failed to explain the methodology underlying his percentage calculations and again relied on vague assertions about the Accused Feature's value"); *GoDaddy.com LLC v. RPost Commc'ns Ltd.*, 2016 WL 2643003, at *6 (D. Ariz. May 10, 2016) (excluding expert opinion relying on "'vague qualitative notions of the relative importance' of the patented technology to assert that 10% of the Accused Product's profits should be apportioned to the patented technology").

### B. Dr. McClellan's "Best Estimates" Are Arbitrary and Unsound

*Even if* solely relying on one's experience and knowledge to reach a "best estimate" of the value of the patent to the accused product were a scientifically and academically rigorous methodology—it is not—Dr. McClellan's "best estimates" are still unreliable because he has not "reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702(d).



Ex. B ('360 Inf. Rpt.) ¶ 259; Ex. C ('133 Inf. Rpt.) ¶¶ 189–93; Ex. D ('800 Inf. Rpt.) ¶ 643. This is equivalent to saying Austin is "40%" of Texas.[2]

---

[2] Ex. L (McClellan Dec. Tr.) 689:3–25.

▇▇▇. *E.g.*, Ex. B ('360 Inf. Rpt.) ¶ 260. ▇▇▇

▇▇▇ *Id.* ¶ 261. ▇▇▇

▇▇▇. *Id.* ¶ 262.

Further, ▇▇▇. *See GPNE Corp.*, 2014 WL 1494247, at *5 (excluding opinion of expert who "cloak[ed] his lack of a methodology" in "highly generic statements about [the accused] technology"). ▇▇▇ Ex. B ('360 Inf. Rpt.) ¶ 266.[3] ▇▇▇. *Id.* ▇▇▇

▇▇▇ Ex. D ('800 Inf. Rpt.) ¶ 647, ▇▇▇."[4]  Ex. M

---

[3] ▇▇▇.

[4] ▇▇▇. *See, e.g.*, Ex. O ('360 Inf. Rpt. Exhibit 2); Ex. A (McClellan Nov. Tr.) 244:23–245:4.

6

(Turner Tr.) 209:22–210:12.  Ex. B ('360 Inf.

Rpt.) ¶¶ 268–71.[5]

Ex. C ('133 Inf. Rpt.)

¶ 197.

. *Id.*

, *id.* ¶ 203—

.

In sum, Dr. McClellan's flawed application of an unsound methodology cannot satisfy the standards of Rule 702 and *Daubert*, and therefore should be excluded.

C. **Dr. McClellan Failed to Apportion Out (1) the Value of the '800 Patent to the Accused Feature in Prior Art Versions of vSphere, and (2) the Value of the Invalid Claims of the '800 and '133 Patents**

"When the accused technology does not make up the whole of the accused product, apportionment is required." *Finjan, Inc. v. Blue Coat Sys., Inc.*, 879 F.3d 1299, 1309 (Fed. Cir. 2018). "[I]n cases where the accused product is made up of multiple components, not all of which

---

[5] . *Compare* Ex. B ('360 Inf. Rpt.) ¶ 258 ( ), *with* Ex. D ('800 Inf. Rpt.) ¶ 643 ( ).

include infringing technology, a technical expert must perform some sort of apportionment, isolating the features of the accused product that correspond to the patent in suit." *WhereverTv, Inc. v. Comcast Cable Commc'ns, LLC*, 2022 WL 2115487, at *4 (M.D. Fla. June 9, 2022); *see Eidos Display, LLC v. Chi Mei Innolux Corp.*, 2017 WL 1322555, at *4 (E.D. Tex. Apr. 6, 2017) (excluding expert apportionment opinion that "[said] nothing about the value of claim 1 over methods described in the prior art"); *see also Contour IP Holding, LLC v. GoPro, Inc.*, 2020 WL 5106845, at *13 (N.D. Cal. Aug. 31, 2020) (given that certain features "existed in the prior art," expert "was required to apportion" to only unconventional features).

**Prior Art of the '800 Patent.** ███

███ Ex. D ('800 Inf. Rpt.) ¶ 77. Yet, ███

███

███

███. Ex. E (Jeffay Reb. Rpt.) ¶ 239. ███

███

███ *See* '800 Motion. ███

███

███

███

███

███. Ex. A (McClellan Nov. Tr.) 231:7–12 (███

██████████ His apportionment percentages are thus critically flawed and grossly overstate the contribution of the '800 patent to vSphere.

This flaw was no oversight. ████████████████████ ██████████████████ Ex. A (McClellan Nov. Tr.) 228:16–229:22, 231:16–232:20 ██████████████████ ██████. Ex. F (Weinstein Tr.) 55:6–16. ██████████ ██████████████. *Id.* at 18:1–4 ( █████████████████ In fact, he blindly adopts Dr. McClellan's apportionment percentages without any additional analysis. *See* Weinstein Motion to Exclude.[6]

**Invalid Claims of the '800 and '133 Patents.**   The single remaining asserted claim of the '800 patent—claim 16—depends from independent claim 13. Ex. G ('800 Patent).[7] In

---

[6] Mr. Weinstein has had his own apportionment analyses stricken on several occasions, and instead relied blindly on another expert's apportionment analysis here. *See, e.g.*, *Syneron Med. Ltd. v. Invasix, Inc.*, 2018 WL 4696969 (C.D. Cal. Aug. 27, 2018) ("Even if we presume that Mr. Weinstein's method . . . could provide some measure of apportionment, [his] superficial and conclusory analysis in this regard would still be far from adequate.").

[7] WSOU is no longer asserting claim 22 of the '800 patent. Ex. J (H. Stern Email).

9

September 2022, the PTAB issued an IPR Final Written Decision that claim 13 is invalid, which WSOU did not appeal.  Ex. H (PTAB FWD).  ██████████████████████████

████████████████████████████████████████████████████████████████████

██████████████.  Ex. A (McClellan Nov. Tr.) 257:14–258:9.  ██████████████.  *See* Ex. F (Weinstein Tr.) 29:11–18 (██████████████████████████████████████

█████████████████████████████████████████████████████████  Thus, Dr. McClellan's apportionment percentages do not account for any value that invalid independent claim 13—from which accused claim 16 depends—separately contributed to vSphere.

Dr. McClellan makes the same error for the '133 patent.  Asserted claim 13 is materially the same as unasserted claim 1, which the USPTO rejected in an EPR proceeding in April 2022 and has since cancelled.  Ex. K (EPR Rejection); Ex. N (Reexam Certificate).  ████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████"  Ex. L (McClellan Dec. Tr.) 472:23–473:9. ████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

█████████████.  *Id.* at 711:7–13.  And again, Mr. Weinstein also failed to conduct this necessary step to ensure that WSOU's damages case was tied "to the claimed invention's footprint in the market place."  *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 869 (Fed. Cir. 2010); *see* Ex. F (Weinstein Tr.) 39:6–12; *see also* Weinstein Motion to Exclude at p. 5.

Dr. McClellan's failure to account in his analysis for (1) the prior art to the '800 patent, and (2) the invalidated claims for the '133 and '800 patents renders his analysis—and his conclusions on apportionment percentages—inaccurate and unreliable.  Thus, his opinions on apportionment for the '133 and '800 patents must be excluded.

Dated: December 19, 2022  By: */s/ Brian A. Rosenthal*

    Barry K. Shelton
    Texas State Bar No. 24055029
    bshelton@winston.com
    **WINSTON & STRAWN LLP**
    2121 North Pearl Street, Suite 900
    Dallas, TX 75201
    Telephone: 214.453.6407
    Facsimile: 214.453.6400

    Benjamin Hershkowitz
    bhershkowitz@gibsondunn.com
    Brian A. Rosenthal
    brosenthal@gibsondunn.com
    Allen Kathir
    akathir@gibsondunn.com
    **GIBSON, DUNN & CRUTCHER LLP**
    200 Park Avenue
    New York, NY 10166-0193
    Telephone: 212.351.4000
    Facsimile: 212.351.4035

    Y. Ernest Hsin
    ehsin@gibsondunn.com
    Jaysen S. Chung
    jschung@gibsondunn.com
    **GIBSON, DUNN & CRUTCHER LLP**
    555 Mission Street, Suite 3000
    San Francisco, CA 94105-0921
    Telephone: 415.393.8200
    Facsimile: 415.393.8306

    Ryan K. Iwahashi
    riwahashi@gibsondunn.com
    **GIBSON, DUNN & CRUTCHER LLP**
    1881 Page Mill Road
    Palo Alto, CA 94304-1211
    Telephone: 650.849.5300
    Facsimile: 650.849.5333

    *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that on December 19, 2022, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document (which is filed under seal) through email.

*/s/ Brian A. Rosenthal*
Brian A. Rosenthal
