**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| **WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,**<br><br>*Plaintiff,*<br><br>**v.**<br><br>**DELL TECHNOLOGIES INC., DELL INC., EMC CORPORATION, AND VMWARE, INC.,**<br><br>*Defendants.* | **Civil Action No.: 6:20-cv-00480-ADA-DTG**<br>**Civil Action No.: 6:20-cv-00481-ADA-DTG**<br>**Civil Action No.: 6:20-cv-00486-ADA-DTG**<br><br>**JURY TRIAL DEMANDED**<br><br>**PUBLIC VERSION** |

**PLAINTIFF'S *DAUBERT* MOTION TO EXCLUDE CERTAIN OPINIONS IN THE EXPERT REPORT OF STEPHEN L. BECKER, PH.D, OR IN THE ALTERNATIVE STRIKE PORTIONS OF THE EXPERT REPORT OF STEPHEN L. BECKER, PH.D**

**TABLE OF CONTENTS**

**Page(s)**

I. RELEVANT FACTS ........ 1

A. [REDACTED] ........ 1

B. This Court's March 21, 2022 Order ........ 2

C. Dr. Becker's Damages Report ........ 4

II. LEGAL STANDARD ........ 5

A. Requirements for Reliable Expert Testimony ........ 5

B. Patent Damages ........ 6

III. ARGUMENT ........ 7

A. This Court's Order and Precedent Precludes Reliance on Unconsummated Licensing Negotiation Materials ........ 7

B. [REDACTED] ........ 9

C. [REDACTED] ........ 10

IV. CONCLUSION ........ 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Apple Inc. v. Wi-LAN Inc.*,
25 F.4th 960 (Fed. Cir. 2022) ....................9, 10

*Daedalus Blue, LLC v. Microsoft Corp.*,
No. W-20-CV-01152-ADA, 2022 WL 3031076 (W.D. Tex. Aug. 1, 2022)....................8

*Daubert v. Merrell Dow Pharm., Inc.*,
509 U.S. 579 (1994)....................5

*I4i Ltd. P'ship v. Microsoft Corp.*,
598 F.3d 831 (Fed. Cir. 2010), *aff'd*, 564 U.S. 91 (2011) ....................7

*Jacked Up, L.L.C. v. Sara Lee Corp.*,
807 F. App'x 344 (5th Cir. 2020) ....................8

*Knight v. Kirby Inland Marine Inc*.,
482 F.3d 347 (5th Cir. 2007) ....................5, 6, 8, 11

*Kumho Tire Co. v. Carmichael*,
526 U.S. 137 (1999)....................5

*Lucent Techs., Inc. v. Gateway, Inc.*,
580 F.3d 1301 (Fed. Cir. 2009)....................6

*Mathis v. Exxon Corp*.,
302 F.3d 448 (5th Cir. 2002) ....................6

*Mondis Tech v. LG Elecs.*,
2:07-cv-00565 (E.D. Tex. May 4, 2011) ....................3, 7

*Moore v. Ashland Chem. Co.*,
151 F.3d 269 (5th Cir. 1998) ....................6

*Omega Pats., LLC v. CalAmp Corp.*,
13 F.4th 1361 (Fed. Cir. 2021) ....................9, 10

*Viterbo v. Dow Chem. Co.*,
826 F.2d 420 (5th Cir. 1987) ....................8

**Statutes**

35 U.S.C. § 284....................6

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Brazos") hereby moves, pursuant to Federal Rules of Evidence 702, 403 and 408, to exclude or in the alternative, strike, certain opinions of Defendant VMware, Inc.'s ("VMware") expert report of Stephen L. Becker (the "Becker Report") [redacted]

## I. RELEVANT FACTS

### A. [redacted]

[redacted]. I[redacted]

[1] [redacted]

[2] "Ex. _" refers to the exhibits to the Declaration of Jonathan K. Waldrop ("Waldrop Decl.") filed concurrently herewith.

[redacted]

**B. This Court's March 21, 2022 Order**

On March 4, 2022, the parties submitted a discovery dispute to this Court, with Dell seeking to compel Brazos to produce documents and communications relating to unconsummated offers and licensing negotiations; Brazos opposed this motion based on prior rulings of this Court in this and related cases which held that such negotiations are not discoverable. *See* Ex. 5 (Redacted Transcript of *WSOU Investments LLC d/b/a Brazos v. Microsoft Corp.*, 6:20-cv-00454-ADA ("*Brazos v. Microsoft*") September 7, 2021 Disc. Hr'g) at 10:13-13:16 (holding license and

settlement negotiations are not discoverable), 31:10-16 (Microsoft withdrawing its request for "all proposed licenses and other negotiation documents" as the Court would deny such a request); Ex. 6 (October 7, 2021 Redacted Discovery Hr'g Tr.) at 50:10-51:15 (denying request for unredacted versions of quarterly reports provided to Nokia because the redacted language "deals with negotiations"); Ex. 7 (*Brazos v. Microsoft*, Dkt. 104) ("Microsoft's request to compel WSOU to produce unredacted quarterly reports is GRANTED-IN-PART and DENIED-IN-PART. WSOU shall provide written verification to Microsoft that every redaction in the quarterly reports at issue was made because those redacted portions describe negotiations.").

The Court held a discovery hearing regarding the dispute on March 11, 2022. During oral arguments, counsel for Brazos reminded the Court of its prior rulings finding unconsummated licensing negotiations to be undiscoverable and put forth legal precedent holding the same. *See, e.g.*, Ex. 8 (March 11, 2022 Discovery Hr'g Tr.) at 14:16-15:7; 15:9-16:22. Brazos's counsel discussed some of the underpinnings for those rulings, including the lack of probative value given the propensity for puffery during negotiations and the lack of probative value of consummated licenses to show what the parties actually would have been willing to accept, as well as the chilling effect discovery of negotiations would have. *See id.* at 10:6-22.[3]

[3] Counsel cited to and screenshared *Mondis Tech v. LG Elecs.*, 2:07-cv-00565, at *5 (E.D. Tex. May 4, 2011) ("This Court holds that Mondis's ongoing or unconsummated settlement and licensing negotiations with the patents-in-suit are not discoverable. It was this Court's bright-line rule before *ResQNet.com* that settlement negotiations are privileged but the resulting license agreement is discoverable… unconsummated settlement negotiation communications are not as reliable because without knowing the ultimate decision (i.e., the agreement or license), the communications have less context and therefore less probative value… Additionally, the concern of a chilling effect on settlement negotiations is potentially even greater when the settlement negotiations are still in progres"), which was affirmed in a hearing in *Uniloc 2017 v. Google*. Ex. 9 (Apr. 21, 2020 *Uniloc 2017 v. Google*, 2:18-cv-00503 (E.D. Tex.) Motion Hearing) at 16:23-17:11 ("I have analyzed that issue several times, and I've always come to the conclusion that the -- the ultimate license that issues is -- is the evidence that matters and that the effect of requiring intermediate settlement steps to be revealed has more negative consequences than possible

[redacted]

[redacted]

[redacted]

### C. Dr. Becker's Damages Report

Dr. Becker, who was retained by VMware as its damages expert in each of the above captioned cases, submitted an expert report summarizing his opinions regarding the damages to which Brazos would be entitled for infringement of the three patents-in-suit on November 4, 2022.

[redacted]

probative value… so I have not ever required that those negotiation documents for consummated licenses be provided in discovery.")



## II. LEGAL STANDARD

### A. Requirements for Reliable Expert Testimony

Because "[e]xpert evidence can be both powerful and quite misleading . . . the judge in weighing possible prejudice against probative force under [Federal Rule of Evidence] 403 . . . exercises more control over experts than over lay witnesses." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 595 (1994) (internal citation omitted); *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999). The holdings of both *Daubert* and *Kumho Tire* are reflected in Federal Rule of Evidence 702, which requires that all expert testimony must be "the product of reliable principles and methods." Fed. R. Evid. 702. Accordingly, the Court has a "gatekeeper obligation" under Rule 702 to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert*, 509 U.S. at 589; *Kumho Tire*, 526 U.S. at 147. "The reliability analysis applies to all aspects of an expert's testimony: the methodology, the facts underlying the expert's opinion, [and] the link between the facts and the conclusion . . . ." *Knight v. Kirby Inland*

*Marine Inc*., 482 F.3d 347, 355 (5th Cir. 2007). In short, "the expert's testimony must be reliable at each and every step or else it is inadmissible." *Id.*

VMware, as the "party offering the expert [,] must prove by a preponderance of the evidence that the proffered testimony satisfies the rule 702 test." *Mathis v. Exxon Corp*., 302 F.3d 448, 459–60 (5th Cir. 2002); *Moore v. Ashland Chem. Co.*, 151 F.3d 269, 276 (5th Cir. 1998) (proponent of the expert has the burden of establishing admissibility). [REDACTED].

**B. Patent Damages**

A patentee is entitled to "damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer." 35 U.S.C. § 284. The most common approach to determining a reasonable royalty is through a hypothetical negotiation, which "attempts to ascertain the royalty upon which the parties would have agreed had they successfully negotiated an agreement just before infringement began." *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1324 (Fed. Cir. 2009). The hypothetical negotiation construct tries "to recreate the ex ante licensing negotiation scenario and to describe the resulting agreement," based upon the assumption that the patent claims are valid and infringed. *Lucent*, 580 F.3d at 1325. A court performing its gatekeeping function should ensure that an expert's license comparability analysis meets the "minimum threshold" of using a "sound" methodology and relies upon evidence

"sufficiently related to the case at hand." *I4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 852 (Fed. Cir. 2010), *aff'd*, 564 U.S. 91 (2011).

## III. ARGUMENT

### A. This Court's Order and Precedent Precludes Reliance on Unconsummated Licensing Negotiation Materials

[redacted] *See* Ex. 10 (Becker Report) ¶¶ 43-50, 107-115, 118(d), 125-130, 136, 142(a), 152; SLB 8; SLB-13; SLB-19; Appendix E ¶¶ 22, 35-37, 69-70, 79; Appendix F ¶¶ 20, 33-35, 44, 73-74, 83; Appendix G ¶¶ 18, 31-33, 63-64, 73; Appendix H ¶¶ 4(a), 11-18, 23, 57; Appendix I ¶¶ 5(a) 12-20, 26, 80. The Court questioned the relevancy of such documents to a hypothetical negotiation (Ex. 8 at 7:2-6) and implicitly rejected VMware's arguments regarding the applicability of Rule 408 and the probative value of unconsummated offers and licensing negotiations to calculating damages. Ex. 8 at 4:3-9:25; 12:5-14-10; 16:24-17:5 (VMware's arguments); *id.* at 17:12-14 (Court's decision denying request).

The Court's order is in alignment with precedent. In *Mondis Tech., Ltd. v. LG Elecs., Inc.*, the Court held plaintiff's "ongoing or unconsummated settlement and licensing negotiations with the patents-in-suit [were] not discoverable" because "negotiation communications are not as reliable because without knowing the ultimate decision (i.e., the agreement or license), the communications have less context and therefore less probative value." No. 2:07-CV-565-TJW-CE, 2011 WL 1714304, at *5 (E.D. Tex. May 4, 2011) (distinguishing allowing discovery into

settlement negotiations with a resulting license from negotiations where no license resulted and "refus[ing] to allow discovery to go that far"); *Daedalus Blue, LLC v. Microsoft Corp.*, No. W-20-CV-01152-ADA, 2022 WL 3031076, at *3 (W.D. Tex. Aug. 1, 2022) (noting that unconsummated settlement negotiations are "generally unreliable" and upholding decision denying discovery into the same); Ex. 9 (Apr. 21, 2020 *Uniloc 2017 v. Google* Motion Hearing) at 16:23-17:11 ("I have analyzed that issue several times, and I've always come to the conclusion that the -- the ultimate license that issues is -- is the evidence that matters and that the effect of requiring intermediate settlement steps to be revealed has more negative consequences than possible probative value… so I have not ever required that those negotiation documents for consummated licenses be provided in discovery.")

Thus, this Court and other courts have rejected the probative value of unconsummated licensing negotiations, but Dr. Becker relies on that very information anyway for his damages analysis. As such, because the facts upon which Dr. Becker relies are unreliable, Dr. Becker's opinions are also unreliable. *See Knight*, 482 F.3d at 355 (noting the facts underlying the expert's opinion, and the link between the facts and conclusion, must be reliable or they are otherwise inadmissible); *Jacked Up, L.L.C. v. Sara Lee Corp.*, 807 F. App'x 344, 348 (5th Cir. 2020) (noting that in some cases "the source upon which an expert's opinion relies is of such little weight that the jury should not be permitted to receive that opinion.") (quoting *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987)).

[redacted]

**B.** [redacted]

[redacted]; *see also Flexuspine, Inc. v. Globus Med.*, Inc., No. 6:15-CV-201-JRG-KNM, 2016 WL 9282314, at *3 (E.D. Tex. Aug. 5, 2016) (a license must be "sufficiently comparable to circumstances of a hypothetical negotiation . . . to aid the trier of fact.").

[redacted] *Apple Inc. v. Wi-LAN Inc.*, 25 F.4th 960, 973 (Fed. Cir. 2022) (in finding licenses not comparable, noting "all three licenses were obtained prior to any litigation").

[redacted] *See Wi-LAN Inc.*, 25 F.4th at 973 (finding license not comparable where there was "no record evidence supporting [expert's] assumption that the [patent in suit] was a key patent" when, *inter alia*, a single reference to patent in suit was "easily lost in a schedule listing hundreds of Non-Asserted patents" and no other evidence the patent in suit was discussed); *Omega Pats., LLC v. CalAmp Corp.*, 13 F.4th 1361, 1380–81 (Fed. Cir. 2021) (finding license not comparable where "proffered licenses involves[d] numerous patents, in contrast to a hypothetical negotiation for a single-patent license"). A license (let alone unconsummated license) that is "unconnected to a hypothetical negotiation"

does not "aid the trier of fact in recreating a hypothetical negotiation between a willing licensor and willing licensee" and reliance on such should be stricken. *Flexuspine*, 2016 WL 9282314, at *4 (striking Dr. Becker's reliance in his damages opinion on a scenario the court found not to be comparable to a hypothetical negotiation); *see also Omega Pats.*, 13 F.4th at 1380–81 (excluding licenses where expert failed to adequately account for substantial "distinguishing facts" between the proffered licenses and a hypothetical negotiation over a single-patent license); *Wi-LAN Inc.*, 25 F.4th at 974 (Fed. Cir. 2022) (holding experts "methodological and factual errors in analyzing the comparable license agreements render his opinion untethered to the facts of this case" and thus "[his] damages testimony should have been excluded[.]"). [redacted]

**C. [redacted]**

[redacted] Thus, even if it was appropriate to rely on this type of information in the first instance (it is not), Dr. Becker's conclusions are supported by incomplete and skewed information. It would also make little sense to block production of certain information based on its lack of relevance, but find the same type of information relevant when produced by another party.

[redacted] "The reliability analysis applies to all aspects of an expert's testimony: the methodology, the facts underlying the expert's opinion, [and] the link

between the facts and the conclusion . . . ." *Knight*, at 355. [redacted]

## IV. CONCLUSION

For the foregoing reasons, Brazos respectfully requests that the Court grant the Motion.

Dated: December 19, 2022

RESPECTFULLY SUBMITTED,

By: */s/ Jonathan K. Waldrop*

Jonathan K. Waldrop (CA Bar No. 297903)
(Admitted in this District)
jwaldrop@kasowitz.com
Darcy L. Jones (CA Bar No. 309474)
(Admitted in this District)
djones@kasowitz.com
Marcus A. Barber (CA Bar No. 307361)
(Admitted in this District)
mbarber@kasowitz.com
John W. Downing (CA Bar No. 252850)
(Admitted in this District)
jdowning@kasowitz.com
Heather S. Kim (CA Bar No. 277686)
(Admitted in this District)
hkim@kasowitz.com
ThucMinh Nguyen (CA Bar No. 304382)
(Admitted in this District)
tnguyen@kasowitz.com
Chen Jia (CA Bar No. 281470)
(Admitted in this District)
cjia@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
333 Twin Dolphin Drive, Suite 200
Redwood Shores, California 94065
Telephone: (650) 453-5170
Facsimile: (650) 453-5171

Paul G. Williams (GA Bar No. 764925)
(Admitted in this District)
pwilliams@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
1230 Peachtree Street N.E., Suite 2445
Atlanta, Georgia 30309
Telephone: (404) 260-6080
Facsimile: (404) 260-6081

Hershy Stern (NY Bar No. 4631024)
(Admitted *pro hac vice*)
hstern@kasowitz.com
Howard L. Bressler (NY Bar No. 2487379)
(Admitted *pro hac vice*)
hbressler@kasowitz.com
Joshua A. Whitehill (NY Bar No. 4766473)

(Admitted *pro hac vice*)
jwhitehill@kasowitz.com
Julianne Laporte (NY Bar No. 5547906)
(Admitted *pro hac vice*)
jlaporte@kasowitz.com
Noah P. Dorman (DC Bar No. 1779821)
(Admitted *pro hac vice*)
ndorman@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
1633 Broadway
New York, NY 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800

Mark D. Siegmund (TX Bar No. 24117055)
mark@swclaw.com
Craig D. Cherry (TX Bar No. 24012419)
craig@swclaw.com
Justin W. Allen (TX Bar No. 24081977)
justin@swclaw.com
**STECKLER WAYNE CHERRY & LOVE PLLC**
8416 Old McGregor Road
Waco, TX 76712
Telephone: (254) 651-3690
Facsimile: (254) 651-3689

Gregory Phillip Love (TX Bar No. 24013060)
greg@swclaw.com
**STECKLER WAYNE CHERRY & LOVE PLLC**
107 East Main Street
Henderson, TX 75652
Telephone: (903) 212-4444
Facsimile: (903) 392-2267

**Attorneys for Plaintiff**
**WSOU INVESTMENTS, LLC d/b/a**
**BRAZOS LICENSING AND**
**DEVELOPMENT**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was served or delivered electronically via email to all counsel of record, on this 19th day of December, 2022.

*/s/ Jonathan K. Waldrop*
Jonathan K. Waldrop