PUBLIC VERSION

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| **WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,** | **Civil Action No.: 6:20-cv-00480-ADA-DTG** |
| *Plaintiff,* | |
| v. | **JURY TRIAL DEMANDED** |
| **DELL TECHNOLOGIES INC., DELL INC., EMC CORPORATION, AND VMWARE, INC.,** | ███████████ |
| *Defendants.* | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 7,539,133**

PUBLIC VERSION

██████████████████████████████████
████████████████

# TABLE OF CONTENTS

Page(s)

I.      INTRODUCTION ............................................................................................................ 1

II.     BRAZOS'S COUNTER-STATEMENT OF DISPUTED MATERIAL FACTS
        ("SDMF") ................................................................................................................... 1

III.    LEGAL STANDARD ................................................................................................... 13

IV.     ARGUMENT ............................................................................................................... 13

        A.   A Genuine Dispute Of Material Fact Exists As To Whether ████████████
             ████████ ...... 13

             1.   Brazos's Expert Opines That ████████████████████████
                  ████████████████████████████
                  ██████t ............................................................... 13

             2.   Defendants' Mischaracterizations of the Record Do Not Support
                  Summary Judgment ......................................................................... 18

        B.   A Genuine Dispute Of Material Fact Exists As To Whether ████████████
             ████████████████████████████████████████████
             ████████████████████████████████████████████
             ████████████████████████████████████████████
             ████████████ ....................................................................... 20

V.      CONCLUSION ............................................................................................................. 23

██████████████████████████████████

████████████████████████

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*ACCO Brands, Inc. v. ABA Locks Mfr. Co., Ltd.*,
  501 F.3d 1307 (Fed. Cir. 2007)....................................................................................13

*AFG Indus., Inc. v. Cardinal IG Co., Inc.*,
  375 F.3d 1367 (Fed. Cir. 2004)....................................................................................13

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986)......................................................................................................13

*Barry v. Medtronic, Inc.*,
  No. 1:14-cv-104, 2016 U.S. Dist. LEXIS 187030 (E.D. Tex. Aug. 5, 2016)...................15, 21

*Citizens State Bank v. Leslie*,
  No. 6-18-CV-00237-ADA, 2020 U.S. Dist. LEXIS 58552 (W.D. Tex. Apr. 2, 2020) .........................................................................................................................13

*Cole v. Kimberly-Clark Corp.*,
  102 F.3d 524 (Fed. Cir. 1996)......................................................................................13

*Comark Comm'ns, Inc. v. Harris Corp.*,
  156 F.3d 1182 (Fed. Cir. 1998)....................................................................................21

*DSC Commc'n Corp. v. Pulse Commc'n, Inc.*,
  170 F.3d 1354 (Fed. Cir. 1999)....................................................................................15

*Edwards Sys. Tech., Inc. v. Dig. Control Sys.*,
  99 F. App'x 911 (Fed. Cir. 2004) .................................................................................20

*Ergotron, Inc. v. Rubbermaid Com. Prod., LLC*,
  No. 10 Civ. 2010, 2012 WL 3733578 (D. Minn. Aug. 28, 2012) ...............................19

*Exergen Corp. v. Wal–Mart Stores, Inc.*,
  575 F.3d 1312 (Fed. Cir. 2009)....................................................................................14

*Karlin Technology, Inc. v. Surgical Dynamics, Inc.*,
  177 F.3d 968 (Fed. Cir. 1999)......................................................................................21

*LecTec Corp. v. Chattem, Inc.*,
  No. 5:08-CV-130, 2010 U.S. Dist. LEXIS 146862 (E.D. Tex. Dec. 16, 2010)...................20

*Rawcar Grp., LLC v. Grace Med., Inc.*,
  No. 13 Civ. 1105, 2014 WL 12199978..........................................................................19

*Tesco Corp. v. Weatherford Int'l, Inc.*,
  750 F. Supp. 2d 780 (S.D. Tex. 2010) ...............................................................................15, 21

*Vivid Techs, Inc. v. Am. Sci. & Eng'g, Inc*,
  200 F.3d 795 (Fed. Cir. 1999).........................................................................................15, 16

*Wi-LAN USA, Inc. v. Ericsson, Inc.*,
  675 F. App'x 984 (Fed. Cir. 2017) ........................................................................................20

██████████████████████████████
████████████████

**TABLE OF ABBREVIATIONS**

| Abbreviation | Term |
|---|---|
| '133 Patent | U.S. Patent No. 7,539,133 |
| Asserted Claims | Claims 13, 14, and 15 |
| '133 Report | Opening Infringement Expert Report of Stan McClellan, Ph.D. U.S. Patent No. 7,539,133 |
| Appendix A | Appendix A to Opening Infringement Expert Report of Stan McClellan, Ph.D. U.S. Patent No. 7,539,133 |
| Appendix B | Appendix B to Opening Infringement Expert Report of Stan McClellan, Ph.D. U.S. Patent No. 7,539,133 |
| Final Contentions | Brazos's Final Infringement Contentions |
| McClellan Tr. | Deposition Transcript of Stan McClellan, Ph.D. |
| Rosing Rebuttal Report | Expert Report of Tajana Rosing, Ph.D. Regarding Noninfringement of U.S. Patent No. 7,539,133 |

**TABLE OF EXHIBITS**

| Exhibit | Document |
| --- | --- |
| A | U.S. Patent No. 7,539,133 |
| B | Opening Infringement Expert Report of Stan McClellan, Ph.D. U.S. Patent No. 7,539,133 |
| C | Appendix A to Opening Infringement Expert Report of Stan McClellan, Ph.D. U.S. Patent No. 7,539,133 |
| D | Exhibit 4 (Infringement Chart) to Opening Infringement Expert Report of Stan McClellan, Ph.D., U.S. Patent No. 7,539,133 |
| E | April 27, 2022 Deposition Transcript of Craig Connors |
| F | VMW_DELL-WSOU-033659 |
| G | VMW_DELL-WSOU-001064-1084 |
| H | VMW_DELL-WSOU-003879-3896 |
| I | December 12, 2022 Deposition Transcript of Stan McClellan, Ph.D. |
| J | May 27, 2021 Claim Construction Order |
| K | May 26, 2021 Claim Construction Hearing Transcript |

PUBLIC VERSION

████████████████████████████████████

█████████████████████

## I.    INTRODUCTION

Defendants' Motion must be denied because it fails to demonstrate the absence of a genuine dispute of material fact as to any of the asserted claims, namely claims 13, 14, and 15 of the '133 Patent. Ex. A. Instead, Defendants' Motion attempts to re-litigate claim construction and mischaracterizes or ignores evidence and the applicable law.  Further, Defendants' argument that it does not infringe the '133 Patent is contradicted by Defendants' own documents as well as Brazos's and Defendants' fact and expert witnesses, as discussed below.  Summary Judgment should therefore be denied.[1]

## II.   BRAZOS'S  COUNTER-STATEMENT  OF  DISPUTED  MATERIAL  FACTS ("SDMF")

1.      Brazos accuses VMware's VeloCloud SD-WAN Platform, including hardware (*e.g.*, SD-WAN Edges and SD-Wan Gateways) and software including the Dynamic Multi-Path Optimization ("DPMO") ("Accused Products" or "VeloCloud SD-WAN") of infringing claims 13, 14, and 15 of the '133 Patent.  Ex. B, ('133 Report), ¶ 74.  VeloCloud SD-WAN is a platform that uses software-based networking technologies to virtualize Wide Area Network (WAN) devices and connections. *Id.*, ¶ 78. Essentially, VeloCloud SD-WAN decouples network software services from underlying hardware to create a virtualized network overlay.  *Id.*, ¶ 78.  Accordingly, VeloCloud SD-WAN is a load balancing network.

2.      As shown in the figure below, ██████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

---

[1]  Submitted herewith is the January 5, 2023 Declaration of Jonathan K. Waldrop ("Waldrop Decl."), with exhibits annexed thereto which are cited to herein as "Ex. __".

PUBLIC VERSION

3.

PUBLIC VERSION



4.    To that end,

PUBLIC VERSION

████████████████████████████████████████████████████

███████████████████████

5.      ███████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████.

PUBLIC VERSION

██████████████████████████████████

████████████████

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

6.      In other words, █████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██

7.      The ████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████

8.      The below figure ██████████████████████████████

████████████████████████████████████████████



PUBLIC VERSION

9. First,

10.

PUBLIC VERSION

████████████████████████████████████████
████████████████

11.   ████████████████████████████████████████

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
█████████████████████████

12.   ████████████████████████████████████████

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████

████████████████████████████████████
███████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

██████████████████████████

13.     For example, as shown in the above diagram, ███████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

█████████████████████

14.     ██████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████  ████

██████████████████████████████████
█████████████████

████████████████████████████████████████████

██████████████████████████████████████████ ██ ████████

████████████████████████████████████████████

████████████████████████████████ █

   15.   ████████████████████████████████████

████████████████████████████████████████████

███████████████████████████ █ ██████████████████



16.



17.   Accordingly, Dr. McClellan's expert report ████████████████████████

███████████████████████████████████████████████████

███████████████████████████████

## III.    LEGAL STANDARD

A court shall grant summary judgment when the moving party demonstrates that "there is no genuine dispute as to any material fact," and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A dispute as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  At the summary judgment stage, a court's role is not to "weigh the evidence and determine the truth of the matter" but to "determine whether there is a genuine issue for trial." *Id.* at 249.  "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . . The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255 (citation omitted); *Citizens State Bank v. Leslie*, No. 6-18-CV-00237-ADA, 2020 U.S. Dist. LEXIS 58552, at *5 (W.D. Tex. Apr. 2, 2020) (same).  A determination of infringement is a question of fact. *ACCO Brands, Inc. v. ABA Locks Mfr. Co., Ltd.*, 501 F.3d 1307, 1311 (Fed. Cir. 2007); *AFG Indus., Inc. v. Cardinal IG Co., Inc.*, 375 F.3d 1367, 1371 (Fed. Cir. 2004) ("[A] trial court cannot reach a conclusive finding of noninfringement if the record shows some evidence supporting a finding of noninfringement and some evidence to the contrary."); *Cole v. Kimberly-Clark Corp.*, 102 F.3d 524, 528 (Fed. Cir. 1996) ("A district court should approach a motion for summary judgment on the fact issue of infringement with great care.").

## IV.    ARGUMENT

### A.    A Genuine Dispute Of Material Fact Exists As To Whether ███████████████████
███████████████████████████

#### 1.    Brazos's Expert Opines That ███████████████████████████
██████████████████████████████████████

Defendants contend that ████████████████████████████████████████

████████████████████████████.  As an initial matter, Defendants' argument is based upon its

████████████████████████████████████████████████

████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

See *Exergen Corp. v. Wal–Mart Stores, Inc.*, 575 F.3d 1312, 1321 (Fed. Cir. 2009) ("Once a district

court has construed the relevant claim terms, and unless altered by the district court, then that legal

determination governs for purposes of trial.  No party may contradict the court's construction to a

jury.").

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

PUBLIC VERSION



Accordingly, the Court should reject Defendants' improperly imported limitations.

Nonetheless, whether the accused system falls within the scope of the court's claim construction is a question of fact. *Barry v. Medtronic, Inc.*, No. 1:14-cv-104, 2016 U.S. Dist. LEXIS 187030, at *8 (E.D. Tex. Aug. 5, 2016); *see also Tesco Corp. v. Weatherford Int'l, Inc.*, 750 F. Supp. 2d 780, 800, 810 (S.D. Tex. 2010) (denying summary judgment and stating: "applying the claim construction to the accused devices is a question of fact for the jury…to determine whether infringement has occurred."). Here, there is a material issue of fact that precludes summary judgment ███████████████████████████████████████████████████████. *See DSC Commc'n Corp. v. Pulse Commc'n, Inc.*, 170 F.3d 1354, 1367 (Fed. Cir. 1999) (summary judgment of noninfringement vacated because record presented an unresolved factual issue as to the characteristics of the accused product with respect to a claim limitation); *Vivid Techs, Inc. v. Am. Sci. & Eng'g, Inc,* 200 F.3d 795, 811–12 (Fed. Cir. 1999) (reversing summary judgment of

PUBLIC VERSION

████████████████████████████████████████████████████
████████████████████████

noninfringement because district court improperly resolved material factual disputes regarding the

characteristics of the accused product).*First*, as stated above, ████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████
████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

█████████████████████████████████.

*Second*, Dr. McClellan opines █████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████████ On that basis alone, Defendants'

motion should be denied.

---

█ ████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████

PUBLIC VERSION

██████████████████████████████████████████
████████████████████████

### 2. Defendants' Mischaracterizations of the Record Do Not Support Summary Judgment

Defendants posit a handful of arguments to prop up the notion that the record is absent material facts that prevent summary judgment.  Mot. at 10-14.  But each such argument is either wrong, mischaracterizes the record, or supports the opposite – that there are multiple issues of material facts that preclude summary judgment.

*First*, Defendants contend ███████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

─────────────────────────

████████████████████████████████████████████████████████████████
████████████████████████████████

PUBLIC VERSION

███████████████████████████████████████████████████

███████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████.

*Second*, Defendants' contention that Dr. McClellan's deposition testimony "dooms" Brazos opinions is wrong. Mot. 13-14. ████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████. *See supra*. Defendants' selective quotations do nothing to change Dr. McClellan's opinions. *Rawcar Grp., LLC v. Grace Med., Inc.*, No. 13 Civ. 1105, 2014 WL 12199978, at ** (S.D. Cal. Aug. 29, 2014) (denying summary judgment and motion to strike because "Defendants' assertions that Dr. Oliphant's testimony includes inconsistencies amount to impeachment and go to the weight of the testimony and its credibility, not its admissibility."); *Ergotron, Inc. v. Rubbermaid Com. Prod., LLC*, No. 10 Civ. 2010, 2012 WL 3733578, *14 (D. Minn. Aug. 28, 2012) (denying defendant's motion for summary judgment and motion to exclude, noting that "[i]nconsistencies in expert testimony do not warrant exclusion under Rule 702; rather, they are appropriate topics for cross-examination."). And again, ████████████████████████████████████

██████████████████████████████████████████████████

*Third*, Defendants' contention that ████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

_____

█ ██████████████████████████████████████████████████
████████████████████████████████████████████████████
███████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████

██████████████████████████████████████████████████████████

███████████████████████████████████████████████████ Defendants'

attempt to ignore Dr. McClellan's source code analysis is insufficient to support summary judgment.

*Fourth*, Defendants' identification of Defendants' expert's opinions that are contrary to Dr.

McClellan's opinions cannot support a conclusion there is an absence of a genuine dispute of

material fact.  To the contrary, it creates a "battle of the experts" that demonstrates a dispute of

material fact  precluding summary judgment. *See Edwards Sys. Tech., Inc. v. Dig. Control Sys.*, 99

F. App'x 911, 921 (Fed. Cir. 2004) ("With respect to both of these limitations there seems to be a

classic 'battle of the experts' which renders summary judgment improper."); *LecTec Corp. v.*

*Chattem, Inc.*, No. 5:08-CV-130, 2010 U.S. Dist. LEXIS 146862, at *8 (E.D. Tex. Dec. 16, 2010)

(whether accused product met the Court's constructions was a "'battle of the experts' that cannot be

resolved on summary judgment"); *Wi-LAN USA, Inc. v. Ericsson, Inc.*, 675 F. App'x 984, 995 (Fed.

Cir. 2017) ("The District Court erred in entering summary judgment because it ignored conflicting

evidence in the record and placed greater weight on Ericsson's evidence.").

**B.    A Genuine Dispute Of Material Fact Exists As To** ███████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
██████████████████████████████████████████████

In their motion for summary judgment, Defendants contend ████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████ Thus, Defendants' impermissible rewrite should

also be rejected as violating the doctrine of claim differentiation. *Karlin Technology, Inc. v. Surgical*

*Dynamics, Inc.*, 177 F.3d 968, 971–72, (Fed. Cir. 1999) ("limitations stated in dependent claims are

not to be read into the independent claim form which they depend."); *see also Comark Comm'ns,*

*Inc. v. Harris Corp.*, 156 F.3d 1182, 1187 (Fed. Cir. 1998).  In any event, whether the accused system

falls within the scope of the court's claim construction is a question of fact.  *Medtronic, Inc.*, No.

1:14-cv-104, 2016 U.S. Dist. LEXIS 187030, at *8; *see also Tesco Corp.*, 750 F. Supp. 2d at 800,

810.  Here, there is a material issue of fact that precludes summary judgment ████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

PUBLIC VERSION

███████████████████████████████████████████████████████

████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

████████████████████████████████████████████   Contrary to Defendants' assertion, Dr.

McClellan's opinion is not an *ipse dixit* and there is evidence in the record.  Mot. at 14-16.  Dr.

McClellan's opinion is supported in his report ████████████████████████████████████████

████████████████████████████████████████████████████████████   Indeed,

Dr. McClellan's source code analysis also supports his opinion ██████████████████████.

As discussed above, Defendants' identification of conflicting evidence (Mot. at 14-16) either via

documents or their expert's reports only supports the notion that there is a genuine issue of material

fact that precludes summary judgement.  *See supra.*  ████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

PUBLIC VERSION



*See supra*. Thus, on this basis alone, summary judgment should be denied.

## V.    CONCLUSION

For all of the reasons set forth herein, the Court should deny Defendants' Motion for Summary Judgment of Noninfringement of U.S. Patent No. 7,539,133.

███████████████████████████████████████

██████████████████████

Dated:  January 5, 2023

RESPECTFULLY SUBMITTED,

By: */s/ Jonathan K. Waldrop*
    Jonathan K. Waldrop (CA Bar No. 297903)
    (Admitted in this District)
    jwaldrop@kasowitz.com
    Darcy L. Jones (CA Bar No. 309474)
    (Admitted in this District)
    djones@kasowitz.com
    Marcus A. Barber (CA Bar No. 307361)
    (Admitted in this District)
    mbarber@kasowitz.com
    John W. Downing (CA Bar No. 252850)
    (Admitted in this District)
    jdowning@kasowitz.com
    Heather S. Kim (CA Bar No. 277686)
    (Admitted in this District)
    hkim@kasowitz.com
    ThucMinh Nguyen (CA Bar No. 304382)
    (Admitted in this District)
    tnguyen@kasowitz.com
    Chen Jia (CA Bar No. 281470)
    (Admitted in this District)
    cjia@kasowitz.com
    **KASOWITZ BENSON TORRES LLP**
    333 Twin Dolphin Drive, Suite 200
    Redwood Shores, California 94065
    Telephone: (650) 453-5170
    Facsimile: (650) 453-5171

    Paul G. Williams (GA Bar No. 764925)
    (Admitted in this District)
    pwilliams@kasowitz.com
    **KASOWITZ BENSON TORRES LLP**
    1230 Peachtree Street N.E., Suite 2445
    Atlanta, Georgia 30309
    Telephone: (404) 260-6080
    Facsimile: (404) 260-6081

    Hershy Stern (NY Bar No. 4631024)
    (Admitted *pro hac vice*)
    hstern@kasowitz.com
    Howard L. Bressler (NY Bar No. 2487379)
    (Admitted *pro hac vice*)
    hbressler@kasowitz.com

24

Joshua A. Whitehill (NY Bar No. 4766473)
(Admitted *pro hac vice*)
jwhitehill@kasowitz.com
Julianne Laporte (NY Bar No. 5547906)
(Admitted *pro hac vice*)
jlaporte@kasowitz.com
Noah P. Dorman (DC Bar No. 1779821)
(Admitted *pro hac vice*)
ndorman@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
1633 Broadway
New York, NY 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800

Mark D. Siegmund (TX Bar No. 24117055)
mark@swclaw.com
Craig D. Cherry (TX Bar No. 24012419)
craig@swclaw.com
Justin W. Allen (TX Bar No. 24081977)
justin@swclaw.com
Melissa S. Ruiz (TX Bar No. 24128097)
melissa@swclaw.com
**STECKLER WAYNE CHERRY & LOVE
PLLC**
8416 Old McGregor Road
Waco, TX 76712
Telephone: (254) 651-3690
Facsimile: (254) 651-3689

Gregory Phillip Love (TX Bar No. 24013060)
greg@swclaw.com
**STECKLER WAYNE CHERRY & LOVE
PLLC**
107 East Main Street
Henderson, TX 75652
Telephone: (903) 212-4444
Facsimile: (903) 392-2267

**Attorneys for Plaintiff
WSOU INVESTMENTS, LLC d/b/a
BRAZOS LICENSING AND
DEVELOPMENT**

PUBLIC VERSION

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was served or delivered electronically via email to all counsel of record, on this 5th day of January, 2023.

*/s/ Jonathan K. Waldrop*
Jonathan K. Waldrop