PUBLIC VERSION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>*Plaintiff,*<br><br>v.<br><br>DELL TECHNOLOGIES INC., DELL INC., EMC CORPORATION, AND VMWARE, INC.,<br><br>*Defendants.* | Civil Action No.: 6:20-cv-00480-ADA-DTG<br>Civil Action No.: 6:20-cv-00481-ADA-DTG<br>Civil Action No.: 6:20-cv-00486-ADA-DTG<br><br>**JURY TRIAL DEMANDED**<br><br>PUBLIC VERSION |

**PLAINTIFF'S OBJECTIONS TO AND APPEAL FROM MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DENYING PLAINTIFFS' DAUBERT MOTION TO EXCLUDE CERTAIN OPINIONS IN THE EXPERT REPORT OF STEPHEN L. BECKER, PH.D., OR IN THE ALTERNATIVE STRIKE PORTIONS OF THE EXPERT REPORT OF STEPHEN L. BECKER, PH.D.**

Plaintiff respectfully objects to and appeals Magistrate Judge Gilliland's Report and Recommendation (Dkt. 345, the "R&R") denying Plaintiffs' Daubert Motion To Exclude Certain Opinions In The Expert Report Of Stephen L. Becker, Ph.D., Or In The Alternative Strike Portions Of The Expert Report Of Stephen L. Becker, Ph.D. (the "Motion"). *See, e.g.*, *Baylor Health Care Sys. v. Equitable Plan Servs.*, 955 F. Supp. 2d 678, 689 (N.D. Tex. 2013); *see also* Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."). The R&R is clearly erroneous because its allows in evidence that is not sufficiently comparable to the hypothetical negotiation, is unreliable, and it is inconsistent with the Court's own rulings in this case as well as precedent from this Circuit.

During the hearing held on January 27, 2023, Magistrate Judge Gilliland acknowledged that "it's this Court's standard policy to keep out unconsummated license negotiations" but then

PUBLIC VERSION

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 1, 1/30/23 Hearing Tr. at 105:12-15. Judge Gilliland went on to explain his reasoning, including that he thought that it was ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and that these facts could be accounted for and considered in light of Georgia Pacific 1, 2, 12, and 4. *Id.* at 105:16-21. Judge Gilliland also credited ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

**A.   Denying Brazos's Motion is Inconsistent with This Court's Other Rulings and Other Precedent**

When faced with almost identical arguments to those presented by Defendants in opposition to Brazos's Motion and at the September 30, 2022 hearing, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ And in the R&R, Judge Gilliland acknowledged that "this Court's standard policy to keep out unconsummated license negotiations." Ex. 1, 1/30/23 Hearing Tr. at 105:12-15. The Court's earlier decision was not made in a vacuum – the decision is in line with its own previous reasoning, as well as the decisions and reasoning of numerous courts. *Mondis Tech. v. LG Elecs.,* No. 2:07-cv-00565, 2011 WL 1714304, at *5 (E.D. Tex. May 4, 2011);

2

*Daedalus Blue, LLC v. Microsoft Corp.,* No. W-20-CV-01152-ADA, 2022 WL 3031076, at *3 (W.D. Tex. Aug. 1, 2022); Ex. 9 (Apr. 21, 2020 *Uniloc 2017 v. Google* Motion Hearing) at 16:23-17:11; *See* Ex. 5 (Redacted Transcript of September 7, 2021 *WSOU Investments LLC d/b/a Brazos v. Microsoft Corp.,* 6:20-cv-00454-ADA ("*Brazos v. Microsoft*") Disc. Hr'g); Ex. 7 (*Brazos v. Microsoft,* Dkt. 104).

Judge Gilliland's reasoning in the R&R directly contradicts this Court's earlier ruling on the exact same issue, where the Court did not find anything unique about the proposal and instead questioned the relevancy of such information. And Judge Gilliland's opinion from the September 30, 2022 hearing does not put forth facts ███████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████

The R&R is also internally inconsistent on the point of licensing negotiations. The R&R granted Defendants' Motion to Strike Certain Portions of Mr. Roy Weinstein's Expert Report, ████████████████████████████ R&R at 5. But precluding Plaintiff's reliance on negotiation materials – yet allowing Defendants to rely on them – is inconsistent and irreconcilable. The Court provided no rationale for granting Defendants' Motion beyond Brazos's stance on discovery of negotiation materials, a stance Judge Gilliland himself previously agreed with and ordered should be excluded from discovery. But now Judge Gilliland is not only taking positions inconsistent with this Court's own discovery orders, but taking positions that are inconsistent within the same R&R, unfairly penalizing only Plaintiff by allowing Defendants to rely on negotiation materials at trial while not allowing Plaintiff to do the same.

**B.     Licenses (And Unconsummated Licensing Proposals Like Here) Which Are Not Sufficiently Comparable Are Properly Excluded**

The R&R's denial of Brazos's Motion is clearly erroneous because the AQUA Proposal is not sufficiently comparable to that of the hypothetical negotiation, which is why Judge Gilliland properly denied its production earlier in the case.  This Court directly questioned ▬▬▬▬▬
▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬.
Dkt. 254 (Ex. 8 at 7:2-6).

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ – a
situation courts have recognized as not comparable to hypothetical negotiations for a single patent.[1] ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬.[2] ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
▬▬▬▬ is somehow highly probative "real world" evidence of what the parties would have agreed

---

[1] *Lucent Techs., Inc. v. Gateway, Inc.,* 580 F.3d 1301, 1328 (Fed. Cir. 2009) (noting that excluded license was "vastly different from any agreement Microsoft and Lucent would have struck for the [individual patent] at the time of infringement" because the license was for the entire patent portfolio); *In re Koninklijke Philips Pat. Litig.,* No. 18-CV-01885-HSG, 2020 WL 7398647, at *9 (N.D. Cal. Apr. 13, 2020) ("Portfolio-wide license rates are simply not a reasonable starting point for measuring the fair market value of an invention.").

[2] *MiiCs & Partners, Inc. v. Funai Elec. Co.,* No. CV 14-804-RGA, 2017 WL 6268072, at *4 (D. Del. Dec. 7, 2017) (noting that "the hypothetical licensor . . . when the hypothetical negotiation would have taken place, is NEC Corporation, not MiiCs" and therefore unaccepted offer relied on by expert was "even less reliable as a starting point assumption since NEC was not a party to that negotiation.").

to in a hypothetical negotiation – █████████████████████████████

These differences (in addition to ones mentioned in Brazos's underlying briefing) are overwhelming and cannot reasonably be accounted for. *See, e.g., Omega Pats., LLC v. CalAmp Corp.,* 13 F.4th 1361, 1380 (Fed Cir. 2021) (concluding that plaintiff "failed to account for substantial 'distinguishing facts' between the proffered licenses and a hypothetical negotiation over a single-patent license to the [patent in suit] and finding "[m]ost glaringly, each of the eighteen proffered licenses involves numerous patents, in contrast to a hypothetical negotiation for a single-patent license.").

Moreover, courts also look at whether the proffered evidence lacks indicia of reliability to determine whether it should be allowed. Here Brazos put forth a multitude of reasons showing ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. It would make little sense to block production of certain information based on its lack of relevance, but find the same type of information relevant when produced by another party.

Judge Gilliland should not have held that issues with the offer went to weight rather than admissibility of Dr. Becker's testimony. There are numerous examples of courts excluding expert testimony because it relied on licenses which the court found insufficiently comparable (including Dr. Becker himself), and therefore lacking reliability and relevancy. *See, e.g.*, *Mars, Inc. v. TruRx*

5

*LLC,* No. 6:13-CV-526-RWS-KNM, 2016 WL 4034790, at *4 (E.D. Tex. Apr. 18, 2016) (excluding Dr. Becker's reliance on certain licenses because the court found the license not comparable since the relevant licensee would not have been a party to the hypothetical negotiation; *see also Flexuspine, Inc. v. Globus Med., Inc.,* No. 6:15-CV-201-JRG-KNM, 2016 WL 9282314, at *3 (E.D. Tex. Aug. 5, 2016) (striking Dr. Becker's reliance on evidence that wasn't sufficiently comparable to the hypothetical negotiation).

Finally, Rule 408 bars use of a proposal such as this one as evidence. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ - Furthermore, the concerns which underpin Rule 408 are just as present here as in other negotiations the Rule is designed to protect. Rule 408 is aimed at promoting non-judicial compromises. The Rule recognizes the negotiations which precede such compromises may be unreliable because it is not possible to know the underlying motivations of each parties' positions and those positions "may also be influenced by other circumstances." *See* Fed. R. Evid. 408, advisory committee notes (1972). In this circumstance, there are even more convoluting factors, such as the lack of authorization mentioned *supra.* Allowing evidence of this Proposal to be relied upon in this case would undermine these prudent policies and has the potential to open pandora's box on well settled principles. *See Soverain Software LLC v. Amazon.com,* Inc., No 6:04–cv–014, slip op. (E.D. Tex. Feb. 7, 2005) ([If] negotiations are not kept confidential from other parties to the litigation, parties will be less forthright in their negotiations and less likely to resolve their differences without the need for a trial.").

## C.     Conclusion

For these reasons, Plaintiff respectfully requests that this Court sustain Plaintiff's objections and vacate Magistrate Judge Gilliland's Report and Recommendation denying Plaintiffs' Daubert Motion To Exclude Certain Opinions In The Expert Report Of Stephen L. Becker, Ph.D., Or In The Alternative Strike Portions Of The Expert Report Of Stephen L. Becker, Ph.D.

PUBLIC VERSION

Dated: February 13, 2023          RESPECTFULLY SUBMITTED,

By: */s/ Jonathan K. Waldrop*
Jonathan K. Waldrop (CA Bar No. 297903)
(Admitted in this District)
jwaldrop@kasowitz.com
Darcy L. Jones (CA Bar No. 309474)
(Admitted in this District)
djones@kasowitz.com
Marcus A. Barber (CA Bar No. 307361)
(Admitted in this District)
mbarber@kasowitz.com
John W. Downing (CA Bar No. 252850)
(Admitted in this District)
jdowning@kasowitz.com
Heather S. Kim (CA Bar No. 277686)
(Admitted in this District)
hkim@kasowitz.com
ThucMinh Nguyen (CA Bar No. 304382)
(Admitted in this District)
tnguyen@kasowitz.com
Chen Jia (CA Bar No. 281470)
(Admitted in this District)
cjia@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
333 Twin Dolphin Drive, Suite 200
Redwood Shores, California 94065
Telephone: (650) 453-5170
Facsimile: (650) 453-5171

Paul G. Williams (GA Bar No. 764925)
(Admitted in this District)
pwilliams@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
1230 Peachtree Street N.E., Suite 2445
Atlanta, Georgia 30309
Telephone: (404) 260-6080
Facsimile: (404) 260-6081

Hershy Stern (NY Bar No. 4631024)
(Admitted *pro hac vice*)
hstern@kasowitz.com
Howard L. Bressler (NY Bar No. 2487379)
(Admitted *pro hac vice*)
hbressler@kasowitz.com
Joshua A. Whitehill (NY Bar No. 4766473)
(Admitted *pro hac vice*)
jwhitehill@kasowitz.com
Julianne Laporte (NY Bar No. 5547906)
(Admitted *pro hac vice*)
jlaporte@kasowitz.com

Noah P. Dorman (DC Bar No. 1779821)
(Admitted *pro hac vice*)
ndorman@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
1633 Broadway
New York, NY 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800

Mark D. Siegmund (TX Bar No. 24117055)
mark@swclaw.com
Craig D. Cherry (TX Bar No. 24012419)
craig@swclaw.com
Justin W. Allen (TX Bar No. 24081977)
justin@swclaw.com
Melissa S. Ruiz (TX Bar No. 24128097)
melissa@swclaw.com
**STECKLER WAYNE CHERRY & LOVE PLLC**
8416 Old McGregor Road
Waco, TX 76712
Telephone: (254) 651-3690
Facsimile: (254) 651-3689

Gregory P. Love (TX Bar No. 24013060)
greg@swclaw.com
**STECKLER WAYNE CHERRY & LOVE PLLC**
107 East Main Street
Henderson, TX 75652
Telephone: (903) 212-4444
Facsimile: (903) 392-2267

**Attorneys for Plaintiff
WSOU INVESTMENTS, LLC d/b/a
BRAZOS LICENSING AND
DEVELOPMENT**

PUBLIC VERSION

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing instrument was served or delivered electronically via email to all counsel of record, on this 17th day of February, 2023, via the Court's CM/ECF System.

*/s/ Jonathan K. Waldrop*
Jonathan K. Waldrop
