PUBLIC VERSION

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | |
|---|---|
| **WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,** | **Civil Action No.: 6:20-cv-00480-ADA-DTG**<br>**Civil Action No.: 6:20-cv-00481-ADA-DTG**<br>**Civil Action No.: 6:20-cv-00486-ADA-DTG** |
| *Plaintiff,* | |
| **v.** | **JURY TRIAL DEMANDED** |
| **DELL TECHNOLOGIES INC., DELL INC., EMC CORPORATION, AND VMWARE, INC.,** | PUBLIC VERSION |
| *Defendants.* | |

**PLAINTIFF'S OBJECTIONS TO AND APPEAL FROM MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION GRANTING DEFENDANTS' MOTION TO STRIKE CERTAIN PORTIONS OF MR. ROY WEINSTEIN'S EXPERT REPORT**

Plaintiff respectfully objects to and appeals Magistrate Judge Gilliland's Report and Recommendation (Dkt. 345, the "R&R") granting Defendants' Motion to Strike Certain Portions of Mr. Roy Weinstein's Expert Report (the "Motion"). *See, e.g.*, *Baylor Health Care Sys. v. Equitable Plan Servs.,* 955 F. Supp. 2d 678, 689 (N.D. Tex. 2013); *see also* Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.").

## A.    Granting Defendants' Motion to Strike was Clearly Erroneous

The R&R is clearly erroneous. During the hearing held on January 27, 2023, Magistrate Judge Gilliland declined to hear oral argument on the Motion, and issued a ruling from the bench granting it, with the only stated reason being that Plaintiff had fought in the discovery stage to preclude negotiation materials. But Brazos's position of damages during discovery does not warrant granting the Motion, particularly since the Motion was based on Defendants' contention that Brazos violated its disclosure obligations under Rule 26, and thus Fed. R. Civ. P. 37(c)(1)

PUBLIC VERSION

should apply. Brazos's damages expert, Mr. Roy Weinstein, ██████████████████

████████████████████████████████████████████████████████████████████

████████████████████████ – a witness that was properly disclosed to, and thoroughly

deposed by, Defendants. As such, Brazos satisfied its obligations under Rule 26 and Mr.

Weinstein's report complies with all applicable rules regarding admissibility, reliability, and

disclosure.

  In the Motion, Defendants moved to strike the following two sentences of Mr. Weinstein's

October 3, 2022 Expert Report:

████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████

Dkt. 285-1 (Ex. 1 (Weinstein Expert Report) ¶ 47). But in its Opposition, Brazos outlined the facts

and law which supported its arguments for why Mr. Weinstein's reliance on these statements were

proper and should not be stricken.

  The two sentences Defendants moved to strike were made with regard to ████████████

████████████████████████████████████████████████████████████████████

Defendants deposed Mr. Weinstein on December 1, 2022, and noted during questioning that ██

████████████████████████████████████████████████████████████████████

████████████████████████████ But the only questions Defendants asked about the

conversation were how long it was and if any notes were taken. *Id.*

  Defendants also deposed ████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

PUBLIC VERSION

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

██████

Defendants also deposed ████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

PUBLIC VERSION

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████

        Mr. Weinstein included information in his report ████████████████████████

████████████████████ and disclosed the source of that information in his report. Dkt. 285-1

(Ex. 1 ¶ 47, fn 83-84). Defendants had the opportunity to depose Mr. Weinstein regarding the

conversation at issue and the underlying information. ██████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

refused to answer questions regarding the Executed Licenses that were covered in ████████

████████████████████, but in fact did answer questions on the topic which were posed to

PUBLIC VERSION

them.  Because the witnesses Mr. Weinstein relied on were timely and properly disclosed, subsequently deposed, and did not refuse questioning on this topic, there has been no violation of disclosure under Rule 26, and Fed. R. Civ. P. 37(c)(1) is entirely inapplicable. As such, the R&R's granting of the Motion is clearly erroneous.

This case is no different than *Image Processing Techs., LLC v. Samsung Elecs. Co.*, where the Court denied a motion to strike an expert's opinions where the expert relied on a discussion with the defendant's employee regarding the importance of accused software. 2020 WL 3512957, at *2–3. The court in *Image Processing* noted that the defendant "cite[d] no legal authority indicating that an expert may not rely on post-discovery conversations with a fact witness who was timely disclosed in his report" and that in that case, the fact witness "was disclosed as a person with relevant knowledge, and actually deposed, during fact discovery." *Id.*; *see also Genband US LLC v. Metaswitch Networks Corp.*, No. 2:14-CV-33-JRG-RSP, 2016 WL 125503, at *3 (E.D. Tex. Jan. 9, 2016) (refusing to strike expert testimony because expert's "reliance on conversations [with fact witnesses] does not provide a basis to strike his testimony" under FRE 702, where the expert disclosed such conversations in his report); *Tinnus Enterprises, LLC v. Telebrands Corp.*, No. 6:17-CV-00170-RWS, 2018 WL 6423377, at *3 (E.D. Tex. Oct. 31, 2018) (refusing the strike portion of report relying on hearsay conversations where "information could have been easily further explored during a deposition" and that instead defendants were free to cross examine on these points.).

**B.    Granting the Motion is Inconsistent with This Court's Other Rulings**

Judge Gilliland granted Defendants' Motion to strike ███████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████   Judge Gilliland denied Plaintiff's motion, ████████████████████████

PUBLIC VERSION

████████████████████████████████████████████████████

██████████████████ ██████████████████████

Precluding Plaintiff's reliance on negotiation materials – but allowing Defendants to rely on them – is inconsistent and irreconcilable. The Court provided no rationale for granting Defendants' Motion beyond Plaintiff's stance on discovery of negotiation materials, a stance the Court itself previously agreed with and ordered should be excluded from discovery. But now the Court is not only taking positions inconsistent with its own discovery orders, it is taking positions that are inconsistent within the same R&R, unfairly penalizing only Plaintiff by allowing Defendants to rely on negotiation materials at trial while not allowing Plaintiff to do the same.

## C.    The Relief Sought by Defendants in Their Conclusion is Broader than the Motion

While Defendants' Motion purports to strike two specific sentences of Mr. Weinstein's report, its conclusion also includes the requested relief of "preclude[ing] WSOU from relying on undisclosed evidence of its license negotiations in subsequent motions, hearings, or at trial." Dkt. 253 at 5.  This a broader and more sweeping request than the Motion itself covers argument on, and the Court should not sweep in generalized relief not covered by the arguments in the Motion itself.

## D.    Conclusion

For these reasons, Plaintiff respectfully requests that this Court sustain Plaintiff's objections and vacate Magistrate Judge Gilliland's Report and Recommendation granting Defendants' Motion to Strike Certain Portions of Mr. Roy Weinstein's Expert Report.

---

[1] Submitted herewith is the Declaration of Jonathan K. Waldrop, dated February 10, 2023 ("Waldrop Declaration"). "Ex." Refers to exhibits attached to the Waldrop Declaration.

PUBLIC VERSION

Dated:  February 10, 2023                    RESPECTFULLY SUBMITTED,

By: */s/ Jonathan K. Waldrop*
     Jonathan K. Waldrop (CA Bar No. 297903)
     (Admitted in this District)
     jwaldrop@kasowitz.com
     Darcy L. Jones (CA Bar No. 309474)
     (Admitted in this District)
     djones@kasowitz.com
     Marcus A. Barber (CA Bar No. 307361)
     (Admitted in this District)
     mbarber@kasowitz.com
     John W. Downing (CA Bar No. 252850)
     (Admitted in this District)
     jdowning@kasowitz.com
     Heather S. Kim (CA Bar No. 277686)
     (Admitted in this District)
     hkim@kasowitz.com
     ThucMinh Nguyen (CA Bar No. 304382)
     (Admitted in this District)
     tnguyen@kasowitz.com
     Chen Jia (CA Bar No. 281470)
     (Admitted in this District)
     cjia@kasowitz.com
     **KASOWITZ BENSON TORRES LLP**
     333 Twin Dolphin Drive, Suite 200
     Redwood Shores, California 94065
     Telephone: (650) 453-5170
     Facsimile: (650) 453-5171

     Paul G. Williams (GA Bar No. 764925)
     (Admitted in this District)
     pwilliams@kasowitz.com
     **KASOWITZ BENSON TORRES LLP**
     1230 Peachtree Street N.E., Suite 2445
     Atlanta, Georgia 30309
     Telephone: (404) 260-6080
     Facsimile: (404) 260-6081

     Hershy Stern (NY Bar No. 4631024)
     (Admitted *pro hac vice*)
     hstern@kasowitz.com
     Howard L. Bressler (NY Bar No. 2487379)
     (Admitted *pro hac vice*)
     hbressler@kasowitz.com
     Joshua A. Whitehill (NY Bar No. 4766473)
     (Admitted *pro hac vice*)
     jwhitehill@kasowitz.com
     Julianne Laporte (NY Bar No. 5547906)
     (Admitted *pro hac vice*)
     jlaporte@kasowitz.com

PUBLIC VERSION

Noah P. Dorman (DC Bar No. 1779821)
(Admitted *pro hac vice*)
ndorman@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
1633 Broadway
New York, NY 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800

Mark D. Siegmund (TX Bar No. 24117055)
mark@swclaw.com
Craig D. Cherry (TX Bar No. 24012419)
craig@swclaw.com
Justin W. Allen (TX Bar No. 24081977)
justin@swclaw.com
Melissa S. Ruiz (TX Bar No. 24128097)
melissa@swclaw.com
**STECKLER WAYNE CHERRY & LOVE
PLLC**
8416 Old McGregor Road
Waco, TX 76712
Telephone: (254) 651-3690
Facsimile: (254) 651-3689

Gregory P. Love (TX Bar No. 24013060)
greg@swclaw.com
**STECKLER WAYNE CHERRY & LOVE
PLLC**
107 East Main Street
Henderson, TX 75652
Telephone: (903) 212-4444
Facsimile: (903) 392-2267

**Attorneys for Plaintiff
WSOU INVESTMENTS, LLC d/b/a
BRAZOS LICENSING AND
DEVELOPMENT**

PUBLIC VERSION

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was served or delivered electronically via email to all counsel of record, on this 17th day of February, 2023, via the Court's CM/ECF System.

*/s/ Jonathan K. Waldrop*
Jonathan K. Waldrop