IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>*Plaintiff,*<br><br>v.<br><br>DELL TECHNOLOGIES INC., DELL INC., EMC CORPORATION, AND VMWARE, INC.,<br><br>*Defendants.* | Civil Action No.: 6:20-cv-00480-ADA-DTG<br>Civil Action No.: 6:20-cv-00481-ADA-DTG<br>Civil Action No.: 6:20-cv-00486-ADA-DTG<br><br>JURY TRIAL DEMANDED<br><br>PUBLIC VERSION |

**PLAINTIFF'S OBJECTIONS TO AND APPEAL FROM MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION GRANTING IN PART DEFENDANTS' MOTION TO EXCLUDE CERTAIN PORTIONS OF MR. ROY WEINSTEIN'S EXPERT REPORT**

Plaintiff respectfully objects to and appeals Magistrate Judge Gilliland's Report and Recommendation ((Dkt. 345 (-480), Dkt. 346 (-481, -486)), as amended on February 1, 2023 (Dkt. 346 (-480), Dkt. 347 (-481)), hereafter the "R&R") granting in part Defendants' Motion to Exclude Certain Portions of Mr. Roy Weinstein's Expert Report (the "Weinstein *Daubert* Motion"). *See, e.g.*, *Baylor Health Care Sys. v. Equitable Plan Servs.,* 955 F. Supp. 2d 678, 689 (N.D. Tex. 2013); *see also* Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.").

In the R&R the Court denied most aspects of the Weinstein *Daubert* Motion, but Granted-in-Part the motion to ████████████████████████████████████████████

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY
PUBLIC VERSION

█████████ the Court stated that ████████████████████████████

████████████████████████████ This ruling is clearly erroneous.[1]

At the January 30, 2023 hearing, Defendants claimed ████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████ Mr. Weinstein should

not ████████████████████████████████████████████████████████

████████████████████████████ Therefore, Defendants' Motion should have been denied.

Furthermore, new factual developments since the January 30 hearing confirm that granting this aspect of Defendants' motion was clearly erroneous and conflict with representations made by Defendants' counsel to this Court. The Court's R&R excluding software only sales █████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████[2] As was revealed during the deposition of Mr. Colbert, █████

██████████████ █████████████████████████████████████████████

████████████████████████████████████████████████████████████

---

[1] Plaintiff is filing a Motion for Reconsideration of the R&R's granting in part of the Weinstein *Daubert* Motion contemporaneously.

[2] During the hearing on the Weinstein *Daubert* Motion, █████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████

[3] Mr. Colbert was not properly disclosed as a witness during fact discovery, and the Court ordered that Defendants make him available for deposition prior to trial. R&R at 3. Brazos took this deposition on February 9, 2023, after the Court ruled on *Daubert* motions.

███████████████████████████████████████████████████████████████

████████████████  ████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████████████████████████  Accordingly, the R&R excluding Mr. Weinstein's testimony and opinions regarding the '800 Patent should be vacated and reversed.

A. **Mr. Weinstein Properly Relied on the Information Provided in Performing his Damages Calculations**

Mr. Weinstein properly relied ████████████████████████████████████

██████████████████████████████████████████████ VMware contended in its briefing that Brazos ██████████████████████████████████████████████

████████████████████████████████

During the discovery period, Defendants represented to Brazos and the Court that ██████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████ At the January 30, 2023 hearing, Defendants changed their story and told the Court ████████

---

[4] *See* Ex. 4 [https://www.dell.com/en-us/dt/converged-infrastructure/vxrail/index.htm?gacd=9650523-1033-5761040-266691960-0&dgc=st&gclid=CjwKCAiA3KefBhByEiwAi2LDHFH_Cf54USo1JsgRWrspLYnjhl0yqR1hv5lpFfl1ZnXNLVU6DYu0WBoCsEEQAvD_BwE&gclsrc=aw.ds&nclid=nFtppmtaH9xBJMJWbS6tchfJx3tYE6p0nMVnPWiB7_RZJMAKnB5j9jcKhq5XxSO3#tab0=0&tab1=0 ] Dell's website discusses the Dell VxRail Hyperconverged Infrastructure, which it proclaims is "Built for VMware, with VMware, to enhance VMware." Dell's website further proclaims that VxRail's "**Joint** engineering between Dell and VMware leads to a curated and optimized hyperconverged experience." *Id*. at 2 (emphasis added). *See also* Ex. 5 [https://www.delltechnologies.com/asset/en-nz/solutions/global-alliance-solutions/briefs-summaries/dell-vmware-forwardtogether-infographic-fy23.pdf ] Another Dell webpage, entitled "Dell Technologies and VMware's Commitment to **Joint** Innovation," proclaimed: "With the launch of VxRail in 2016, not only did we secure our joint engineering relationship, we changed the future of HCI. By providing seamless integration with existing VMware tools, we provide VMware customers with an experience with which they were already familiar." *Id*. At (emphasis added).

██████████████████████████████████████████████████████████

██████████████████████████████████████████ Mr. Weinstein properly relied on ████████████████████████████████████████████████ ███████████████t is black letter law that "that uncertainty created by an infringer's failure to keep complete and accurate records will be resolved against the infringer." *A&L Tech. v. Resound Corp.*, No. C 93-00107 CW, 1995 U.S. Dist. LEXIS 22513, at *4, n.1 (N.D. Cal. June 29, 1995) (*citing TWM Mfg. Co. v. Dura Corp.*, 789 F.2d 895, 901 (Fed. Cir. 1986); *see also Minco Inc. v. Combustion Eng'g, Inc.*, 95 F.3d 1109, 1118 (Fed. Cir. 1996) ("Once a patentee shows causation, however, the trial court may resolve doubts underlying the precise measurement of damages against the infringer."). Indeed, the AIPLA model jury instruction (which Brazos proposed as its Instruction No. 3.9) explicitly provides:

> Any doubts that you may have on the issue of damages due to [the Defendant]'s failure to keep proper records should be decided in favor of [the Plaintiff]. Any confusion or difficulties caused by [the Defendant]'s records also should be held against [the Defendant], not [the Plaintiff].

AIPLA's Model Patent Jury Instructions, 2019 Ed., § 10.3 (*citing Bigelow v. R.K.O. Pictures, Inc.*, 327 U.S. 251, 264–65 (1946); *Story Parchment Co. v. Patterson Parchment Paper Co.*, 282 U.S. 555, 563 (1931); *Minco, Inc. v. Combustion Eng'g, Inc.*, 95 F.3d 1109, 1118 (Fed. Cir. 1996); *Sensonics, Inc. v. Aerosonic Corp.*, 81 F.3d 1566, 1572–73 (Fed. Cir. 1996); *Lam, Inc. v. Johns-Manville Corp.*, 718 F.2d 1056, 1065 (Fed. Cir. 1983).)

Courts have repeatedly held that where a defendant fails to maintain or produce complete and accurate records, then doubts will be resolved against the infringer even if that results in noninfringing sales being included in the royalty base. *A&L Tech..,* 1995 U.S. Dist. LEXIS 22513, at *4, n. 1 (citing *TWM,* 789 F.2d at 901 and *Lam, Inc. v. Johns-Manville Corp,* 718 F.2d 1056,

1065 (Fed. Cir. 1983). Mr. Weinstein cannot be faulted for using the best available data that Defendants provided.

B.   **Mr. Colbert's Deposition Testimony Confirms Mr. Weinstein's Reliance was Proper and Proves Defendants Provide Software and Hardware Together**

Defendants played word games to mislead both the Court and Brazos and they should not be rewarded for such improper behavior. Defendants claimed that ███████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████ This misdirection was intended to disguise the fact that Defendants do ███████████████████████████████████████

r. Colbert testified that ███████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████

A key factor in the offering of ███████████████████████████████ ███████████████████████████████████████████████████████████████

---

[5] ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

████████████████████████ Mr. Colbert admitted that ███████████████████████████

██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

Mr. Colbert testified that ████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

████████████████████████████████████████.

███████████ VMware's service description for ████████████████████████████

██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

████████████████████████████████████████ █████████████████████████████

██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

████████████████████████████████████████████ Thus, contrary to Defendants'

representations that led Magistrate Judge Gilliland to grant-in-part the Weinstein *Daubert* Motion, Brazos can point to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Defendants did, in fact, ▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

**C.   Conclusion**

For these reasons, Plaintiff respectfully requests that this Court sustain Plaintiff's objections and vacate the portion of Magistrate Judge Gilliland's Report and Recommendation granting in part Defendants' Motion to Exclude Certain Portions of Mr. Roy Weinstein's Expert Report.

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY
PUBLIC VERSION

Dated: February 13, 2023          RESPECTFULLY SUBMITTED,

By: */s/ Jonathan K. Waldrop*
Jonathan K. Waldrop (CA Bar No. 297903)
(Admitted in this District)
jwaldrop@kasowitz.com
Darcy L. Jones (CA Bar No. 309474)
(Admitted in this District)
djones@kasowitz.com
Marcus A. Barber (CA Bar No. 307361)
(Admitted in this District)
mbarber@kasowitz.com
John W. Downing (CA Bar No. 252850)
(Admitted in this District)
jdowning@kasowitz.com
Heather S. Kim (CA Bar No. 277686)
(Admitted in this District)
hkim@kasowitz.com
ThucMinh Nguyen (CA Bar No. 304382)
(Admitted in this District)
tnguyen@kasowitz.com
Chen Jia (CA Bar No. 281470)
(Admitted in this District)
cjia@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
333 Twin Dolphin Drive, Suite 200
Redwood Shores, California 94065
Telephone: (650) 453-5170
Facsimile: (650) 453-5171

Paul G. Williams (GA Bar No. 764925)
(Admitted in this District)
pwilliams@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
1230 Peachtree Street N.E., Suite 2445
Atlanta, Georgia 30309
Telephone: (404) 260-6080
Facsimile: (404) 260-6081

Hershy Stern (NY Bar No. 4631024)
(Admitted *pro hac vice*)
hstern@kasowitz.com
Howard L. Bressler (NY Bar No. 2487379)
(Admitted *pro hac vice*)
hbressler@kasowitz.com
Joshua A. Whitehill (NY Bar No. 4766473)
(Admitted *pro hac vice*)
jwhitehill@kasowitz.com
Julianne Laporte (NY Bar No. 5547906)
(Admitted *pro hac vice*)
jlaporte@kasowitz.com

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY
PUBLIC VERSION

Noah P. Dorman (DC Bar No. 1779821)
(Admitted *pro hac vice*)
ndorman@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
1633 Broadway
New York, NY 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800

Mark D. Siegmund (TX Bar No. 24117055)
mark@swclaw.com
Craig D. Cherry (TX Bar No. 24012419)
craig@swclaw.com
Justin W. Allen (TX Bar No. 24081977)
justin@swclaw.com
Melissa S. Ruiz (TX Bar No. 24128097)
melissa@swclaw.com
**STECKLER WAYNE CHERRY & LOVE PLLC**
8416 Old McGregor Road
Waco, TX 76712
Telephone: (254) 651-3690
Facsimile: (254) 651-3689

Gregory P. Love (TX Bar No. 24013060)
greg@swclaw.com
**STECKLER WAYNE CHERRY & LOVE PLLC**
107 East Main Street
Henderson, TX 75652
Telephone: (903) 212-4444
Facsimile: (903) 392-2267

**Attorneys for Plaintiff
WSOU INVESTMENTS, LLC d/b/a
BRAZOS LICENSING AND
DEVELOPMENT**

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY
PUBLIC VERSION

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served or delivered electronically via email to all counsel of record, on this 13th day of February, 2023.

*/s/ Jonathan K. Waldrop*
Jonathan K. Waldrop