IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>*Plaintiff,*<br><br>v.<br><br>DELL TECHNOLOGIES INC., DELL INC., EMC CORPORATION, AND VMWARE, INC.,<br><br>*Defendants.* | Civil Action No.: 6:20-cv-00480-ADA-DTG<br>Civil Action No.: 6:20-cv-00481-ADA-DTG<br>Civil Action No.: 6:20-cv-00486-ADA-DTG<br><br>JURY TRIAL DEMANDED<br><br>PUBLIC VERSION |

**PLAINTIFF'S OBJECTIONS TO AND APPEAL FROM MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT 9,164,800**

Plaintiff respectfully objects to and appeals Magistrate Judge Gilliland's Report and Recommendation ("R&R") denying Plaintiff's Motion to Strike Certain Portions of Defendants' Expert Reports and Rule 26(a)(2)(C) Disclosure (the "Motion"), as Magistrate Judge Gilliland incorrectly found that Brazos was put on sufficient notice regarding vSphere 5.0, that the case law supported Defendants' theory on the use of prior art, and that certain witnesses should be allowed to testify. *See, e.g., Baylor Health Care Sys. v. Equitable Plan Servs.*, 955 F. Supp. 2d 678, 689 (N.D. Tex. 2013); *see also* Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.").

**A.    Defendants Did Not Provide Sufficient Notice for vSphere 5.0**

The R&R is incorrect, as Defendants themselves admitted ▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Defendants'

██████████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████ Defendants had over 17 months to prepare and serve their invalidity chart and failed to do so—even though they were required to make the chart by Court order.

Further, contrary to Defendants' assertion, Defendants' experts ████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

Additionally, Brazos was not required, as Defendants suggest, to review ████████

████████████████████████████████████████████ Indeed,

██████████████████████████████████████████████████

███████████████████████████████████ Defendants violated the Court's OGP, and Defendants' excuse is insufficient because ███████████████████

██████████████████████████████████████████████████

████████████████████████████████████[1]

---

[1] Contrary to Defendants' contention, ███████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY
PUBLIC VERSION

**B.     Defendants' Experts' Opinions on Unelected Prior Art Should be Excluded**

Defendants agreed to ███████████████████████████████

███████████████████████████████████████████████████ Defendants

now argue that ███████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████' ████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

█████████████████████████████████████████ Accordingly,

the Court should preclude Defendants' experts from ███████████████████████

---

███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
████████████████████

[2] In Brazos's Reply to Defendants' Opposition to Plaintiff's Motion to Strike Certain Portions of Defendants' Expert Reports and Rule 26(a)(2)(C) Disclosure, Brazos ███████████████
█████████████████████████████████████

3

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY
PUBLIC VERSION

**C.   Defendants Should Not Be Permitted to Call Messrs. Colbert As Witnesses, Nor Should Mssrs Colbert, Connors and Turner be Permitted to Testify as Experts, and Defendants' Rule 26(a)(2)(C) Should Be Stricken**

Defendants failed to disclose Mr. Colbert in their Initial Disclosures before the December 2021 deadline.[3] *See* Case No. -480, Dkt. No. 125 at 3. Defendants attempt to excuse their violation by arguing that ████████████████████████████████████████████ ████████████████████████████████████████████ But the Scheduling Order includes no such limitations. Brazos's reliance on the Scheduling Order should not be penalized. *Accentra Inc. v. Staples, Inc.*, No. CV 07-5862 ABC RZX, 2010 WL 8450890, at *7 (C.D. Cal. Sept. 22, 2010); *Agere Sys., Inc. v. Atmel Corp.*, No. 02-CV-864, 2005 WL 6728523, at *1 (E.D. Pa. Feb. 23, 2005). Defendants' purported justification is insufficient. *Nosewicz v. Janosko*, No.16-cv-00447-PAB-KLM, 2019 WL 4248895, at *4 (D. Colo. Aug. 19, 2019).

Moreover, to the extent that Defendants seek to offer ████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████ Defendants' Rule 26(a)(2)(C) makes clear that ████████████████████ ████████████████████████████████████████████ ████████ Indeed, Defendants do not deny ████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████

---

[3] In a January 31, 2023 email, Defendants' counsel stated Defendants would not be bringing Dr. Varghese to trial, and he is no longer a witness. *See* Ex. 1.

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

██████████████████████████████████████████████ This is nothing more than trial by ambush, which is exactly the type of conduct that Rule 26 was intended to prevent. *Avnet, Inc. v. Motio, Inc.*, No. 12 CV 2100, 2016 WL 927194, at *4-5 (N.D. Ill. Mar. 4, 2016).

For these reasons, Plaintiff respectfully requests that this Court sustain Plaintiff's objections and vacate Magistrate Judge Gilliland's Report and Recommendation denying Plaintiff's Motion to Strike Certain Portions of Defendants' Expert reports and Rule 26(a)(2)(C) Disclosure.

Dated: February 13, 2023                    RESPECTFULLY SUBMITTED,

                                            By: */s/ Jonathan K. Waldrop*
                                                Jonathan K. Waldrop (CA Bar No. 297903)
                                                (Admitted in this District)
                                                jwaldrop@kasowitz.com
                                                Darcy L. Jones (CA Bar No. 309474)
                                                (Admitted in this District)
                                                djones@kasowitz.com
                                                Marcus A. Barber (CA Bar No. 307361)
                                                (Admitted in this District)
                                                mbarber@kasowitz.com
                                                John W. Downing (CA Bar No. 252850)
                                                (Admitted in this District)
                                                jdowning@kasowitz.com
                                                Heather S. Kim (CA Bar No. 277686)
                                                (Admitted in this District)
                                                hkim@kasowitz.com
                                                ThucMinh Nguyen (CA Bar No. 304382)
                                                (Admitted in this District)
                                                tnguyen@kasowitz.com

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY
PUBLIC VERSION

    Chen Jia (CA Bar No. 281470)
    (Admitted in this District)
    cjia@kasowitz.com
    **KASOWITZ BENSON TORRES LLP**
    333 Twin Dolphin Drive, Suite 200
    Redwood Shores, California 94065
    Telephone: (650) 453-5170
    Facsimile: (650) 453-5171

    Paul G. Williams (GA Bar No. 764925)
    (Admitted in this District)
    pwilliams@kasowitz.com
    **KASOWITZ BENSON TORRES LLP**
    1230 Peachtree Street N.E., Suite 2445
    Atlanta, Georgia 30309
    Telephone: (404) 260-6080
    Facsimile: (404) 260-6081

    Hershy Stern (NY Bar No. 4631024)
    (Admitted *pro hac vice*)
    hstern@kasowitz.com
    Howard L. Bressler (NY Bar No. 2487379)
    (Admitted *pro hac vice*)
    hbressler@kasowitz.com
    Joshua A. Whitehill (NY Bar No. 4766473)
    (Admitted *pro hac vice*)
    jwhitehill@kasowitz.com
    Julianne Laporte (NY Bar No. 5547906)
    (Admitted *pro hac vice*)
    jlaporte@kasowitz.com
    Noah P. Dorman (DC Bar No. 1779821)
    (Admitted *pro hac vice*)
    ndorman@kasowitz.com
    **KASOWITZ BENSON TORRES LLP**
    1633 Broadway
    New York, NY 10019
    Telephone: (212) 506-1700
    Facsimile: (212) 506-1800

    Mark D. Siegmund (TX Bar No. 24117055)
    mark@swclaw.com
    Craig D. Cherry (TX Bar No. 24012419)
    craig@swclaw.com
    Justin W. Allen (TX Bar No. 24081977)
    justin@swclaw.com

Melissa S. Ruiz (TX Bar No. 24128097)
melissa@swclaw.com
**STECKLER WAYNE CHERRY & LOVE PLLC**
8416 Old McGregor Road
Waco, TX 76712
Telephone: (254) 651-3690
Facsimile: (254) 651-3689

Gregory P. Love (TX Bar No. 24013060)
greg@swclaw.com
**STECKLER WAYNE CHERRY & LOVE PLLC**
107 East Main Street
Henderson, TX 75652
Telephone: (903) 212-4444
Facsimile: (903) 392-2267

**Attorneys for Plaintiff
WSOU INVESTMENTS, LLC d/b/a
BRAZOS LICENSING AND
DEVELOPMENT**

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY
PUBLIC VERSION

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served or delivered electronically via email to all counsel of record, on this 13th day of February, 2023.

/s/ Jonathan K. Waldrop
Jonathan K. Waldrop