# **Exhibit 3**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC DBA BRAZOS LICENSING AND DEVELOPMENT | * * * * | February 21, 2023 |
| VS. | * * | CIVIL ACTION NOS. |
| DELL TECHNOLOGIES INC., DELL INC., EMC CORP AND VMWARE INC. | * * * | W-20-CV-480/481/486 |

<u>BEFORE THE HONORABLE ALAN D ALBRIGHT</u>
<u>JURY TRIAL PROCEEDINGS</u>
<u>Volume 1 of 3</u>

APPEARANCES:

For the Plaintiff:   Jonathan K. Waldrop, Esq.
                     Marcus A. Barber, Esq.
                     John W. Downing, Esq.
                     Darcy L. Jones, Esq.
                     Heather S. Kim, Esq.
                     ThucMinh Nguyen, Esq.
                     Kasowitz Benson Torres, LLP
                     333 Twin Dolphin Drive, Suite 200
                     Redwood Shores, CA 94065

                     Hershy Stern, Esq.
                     Julianne Laporte, Esq.
                     Kasowitz Benson Torres LLP
                     1633 Broadway
                     New York, NY 10019

                     Paul G. Williams, Esq.
                     Kasowitz Benson Torres LLP
                     1349 West Peachtree Street, NW
                     Suite 1500
                     Atlanta, GA 30309

                     Gregory Phillip Love, Esq.
                     Steckler Wayne Cherry & Love PLLC
                     PO Box 948
                     Henderson, TX 75653

2

```
                         Mark D. Siegmund, Esq.
                         Melissa Samano Ruiz, Esq.
                         Steckler Wayne Cherry & Love, PLLC
                         8416 Old McGregor Road
                         Waco, TX 76712

For the Defendant:       Brian Rosenthal, Esq.
                         Benjamin Hershkowitz, Esq.
                         Gibson, Dunn & Crutcher LLP
                         200 Park Ave.
                         New York, NY 10166

                         Jaysen S. Chung, Esq.
                         Y. Ernest Hsin, Esq.
                         Gibson Dunn & Cruthcher LLP
                         555 Mission Street, Suite 3000
                         San Francisco, CA 94105

                         Casey J. McCracken, Esq.
                         Nathaniel R. Scharn, Esq.
                         Emily M. Whitcher, Esq.
                         Gibson, Dunn & Crutcher LLP
                         3161 Michelson Drive
                         Irvine, CA 92612

                         Veronica Smith Moye, Esq.
                         Gibson, Dunn & Crutcher LLP
                         2001 Ross Avenue, Suite 2100
                         Dallas, TX 75201

                         Barry K. Shelton, Esq.
                         Winston & Strawn LLP
                         2121 N. Pearl Street, Suite 900
                         Dallas, TX 75201

Court Reporter:          Kristie M. Davis, CRR, RMR
                         PO Box 20994
                         Waco, Texas 76702-0994
                         (254) 340-6114
```

   Proceedings recorded by mechanical stenography, transcript produced by computer-aided transcription.

09:01
09:01

*KRISTIE M. DAVIS, OFFICIAL COURT REPORTER*
*U.S. DISTRICT COURT, WESTERN DISTRICT OF TEXAS (WACO)*

|       |    |                                                                          |
|-------|----|--------------------------------------------------------------------------|
| 09:23 | 1  | that would assist Your Honor.                                            |
| 09:23 | 2  | THE COURT:  Hold on one second.                                          |
| 09:24 | 3  | (Off-the-record bench conference.)                                       |
| 09:24 | 4  | THE COURT:  I think there was an issue                                   |
| 09:24 | 5  | last week, late last week, about the ripeness of them                    |
| 09:24 | 6  | being available for me to rule on, but I think that's                    |
| 09:24 | 7  | been overcome by the passage of time.                                    |
| 09:24 | 8  | And I'm going to overrule all the                                        |
| 09:24 | 9  | objections that were made to Judge Gilliland's reports                   |
| 09:24 | 10 | and recommendations.                                                     |
| 09:24 | 11 | MR. SHELTON:  Okay.  Thank you, Your                                     |
|       | 12 | Honor.                                                                   |
| 09:24 | 13 | And just one more thing that I should                                    |
| 09:24 | 14 | have mentioned, Your Honor, with respect to the '800                     |
| 09:24 | 15 | damages issue.                                                           |
| 09:24 | 16 | If Your Honor is inclined to submit the                                  |
| 09:24 | 17 | issue of damages not to this jury, which of course I                     |
| 09:24 | 18 | strenuously argue that you must under the Constitution,                  |
| 09:24 | 19 | there should be, of course, no opportunity for this                      |
| 09:24 | 20 | plaintiff who has made all of its strategic and                          |
| 09:25 | 21 | tactical decisions throughout this case resulting in                     |
| 09:25 | 22 | its damages expert being struck, they should have no                     |
| 09:25 | 23 | opportunity to put in new opinions, new evidence --                      |
| 09:25 | 24 | THE COURT:  I think we can take that up.                                 |
| 09:25 | 25 | MR. SHELTON:  Thank you, Your Honor.                                     |

| | | |
|---|---|---|
| 01:07 | 1 | That's fine.  It's your choice. |
| 01:07 | 2 | But you're also going to have to reap the |
| 01:07 | 3 | problems that that causes because I have to make sure |
| 01:07 | 4 | the jury understands what is happening. |
| 01:08 | 5 | And it's a fact that there will be -- I'm |
| 01:08 | 6 | deleting what I think -- I'll say it, I think this is |
| 01:08 | 7 | impermissible.  Defendant asked me to say:  I did not |
| 01:08 | 8 | permit the plaintiff to present evidence regarding |
| 01:08 | 9 | damages for the '800 patent because it's not reliable. |
| 01:08 | 10 | I don't think that needs to be in there. |
| 01:08 | 11 | I think -- but everything else is, in my opinion, |
| 01:08 | 12 | exactly what the law is and what the -- what's going to |
| 01:08 | 13 | happen in the trial. |
| 01:08 | 14 | MR. WALDROP:  Your Honor, I understand, |
| 01:08 | 15 | Your Honor.  We object, Your Honor. |
| 01:08 | 16 | But there's one question, Your Honor, |
| 01:08 | 17 | that may circumvent all of this, Your Honor, which you |
| 01:08 | 18 | kind of hinted at, Your Honor, which may lead to a |
| 01:08 | 19 | reduction in time for the entire proceeding, Your |
| 01:08 | 20 | Honor, and I'm mindful of the Court's time and very |
| 01:08 | 21 | thankful for this opportunity, Your Honor. |
| 01:08 | 22 | Look, Your Honor.  We only -- if there's |
| 01:08 | 23 | one question or two questions that we cannot ask based |
| 01:08 | 24 | on the Court's rulings this morning, then we may be in |
| 01:08 | 25 | a situation, Your Honor -- and depending on what the |

|       |    |                                                                          |
|-------|----|--------------------------------------------------------------------------|
| 01:09 | 1  | Court says, that may obviate the need for all of this.                   |
| 01:09 | 2  | So I wanted to raise that with Your Honor                                |
| 01:09 | 3  | because that may put all this aside, if I could.                         |
| 01:09 | 4  | If we can't -- if we cannot ask, Your                                    |
| 01:09 | 5  | Honor, our expert, and this is the particular question,                  |
| 01:09 | 6  | just this question alone:  Does VMware offer hardware                    |
| 01:09 | 7  | and software in connection with its vSphere 6.5                          |
| 01:09 | 8  | product?  Is that question permissible or not?                           |
| 01:09 | 9  | THE COURT:  What is the defendants'                                      |
| 01:09 | 10 | position?                                                                |
| 01:09 | 11 | MR. ROSENTHAL:  Your Honor, our position                                 |
| 01:09 | 12 | is that's exactly what was ruled on today.  There is no                  |
| 01:09 | 13 | hardware.                                                                |
| 01:09 | 14 | THE COURT:  I thought so too.                                            |
| 01:09 | 15 | Yeah.  You are correct, Mr. Waldrop.  I                                  |
| 01:09 | 16 | think that's been the subject of at least four                           |
| 01:09 | 17 | hearings, maybe five hearings, that have been ruled on                   |
| 01:09 | 18 | by this Court about that issue.                                          |
| 01:09 | 19 | MR. WALDROP:  So the only reason why I                                   |
| 01:09 | 20 | was asking, Your Honor, because -- and maybe it was                      |
| 01:09 | 21 | wrong, Your Honor.  I'm doing the very best I can.  Our                  |
| 01:09 | 22 | understanding was that the rulings applied to -- your                    |
| 01:09 | 23 | ruling this morning applied to specific Dell hardware,                   |
| 01:10 | 24 | not the existence of hardware.                                           |
| 01:10 | 25 | If that's the case, Your Honor, I think                                  |

| | | |
|---|---|---|
| 01:10 | 1 | we're in a situation, Your Honor, given these rulings, |
| 01:10 | 2 | and we would like to preserve for the record and, Your |
| 01:10 | 3 | Honor, either move to continue or make every |
| 01:10 | 4 | preservation of rights that we can as to the '800 and |
| 01:10 | 5 | '360 patent, make offers of proof. |
| 01:10 | 6 | In an interest of time, we may not be |
| 01:10 | 7 | able to do all of that now, but I would want to ask for |
| 01:10 | 8 | preservation of all rights for appeal, Your Honor. |
| 01:10 | 9 | And then maybe make offers of proof after |
| 01:10 | 10 | the jury leaves or however you want to do that, Your |
| 01:10 | 11 | Honor.  We weren't prepared to do that because we had a |
| 01:10 | 12 | different understanding, but we are where we are, Your |
| | 13 | Honor. |
| 01:10 | 14 | And if that's the case, if that's where |
| 01:10 | 15 | we are, Your Honor, because effectively we've been -- |
| 01:10 | 16 | effectively the case is over for us on the '360 patent |
| 01:10 | 17 | and the '800 patent by operation of the rulings, Your |
| 01:10 | 18 | Honor, as to almost summary judgment. |
| 01:10 | 19 | And I have no interest in wasting the |
| 01:11 | 20 | Court's time.  We'll just take this up in a different |
| 01:11 | 21 | way, Your Honor.  And we'll just proceed on the '133 |
| 01:11 | 22 | patent. |
| 01:11 | 23 | THE COURT:  So what I hear you saying is |
| 01:11 | 24 | you would want me to sever out two of the three patents |
| 01:11 | 25 | and allow you to go up to the Circuit and appeal my |

```
01:11   1    rulings with respect to the Daubert where I struck the
01:11   2    damages and my rulings with respect to what is and is
01:11   3    not admissible with respect to the hardware?
01:11   4                MR. WALDROP:  They're already separate
01:11   5    cases, Your Honor, I believe, consolidated for trial.
01:11   6                THE COURT:  So you're asking me to grant
01:11   7    the motion -- you would ask me to grant a motion from
01:11   8    the defendant on those to dismiss them, which would
01:11   9    make them appealable based on my rulings?
01:11  10                MR. WALDROP:  Your Honor, there's a
01:12  11    couple ways to do it, because we could also
01:12  12    stipulate -- stipulations are also an issue.
01:12  13                Your Honor, if I could, because like I
01:12  14    said, this was not something -- if I could have one
01:12  15    minute, Your Honor.
01:12  16                THE COURT:  You can have as much time as
01:12  17    you need.  This is on your clock.
01:12  18                MR. WALDROP:  Okay.  Well, my case shrank
01:12  19    a lot, Your Honor.  So I want to move fast.
01:12  20                THE COURT:  Take your time.
01:12  21                MR. WALDROP:  All right.  Thank you, Your
01:12  22    Honor.  I just need a few seconds, Your Honor, a few
01:12  23    minutes.
01:12  24                (Pause in proceedings.)
01:18  25                MR. ROSENTHAL:  Your Honor, it's me.
```

|       |    |                                                                      |
|-------|----|----------------------------------------------------------------------|
| 01:18 | 1  | Mr. Waldrop and I have just discussed how we think                    |
| 01:18 | 2  | would be the appropriate way to proceed in this                       |
| 01:18 | 3  | circumstance.  And we think the appropriate way to                    |
| 01:18 | 4  | proceed is for us to now make a motion and hear                       |
| 01:18 | 5  | defendants -- or hear Plaintiff's response.                           |
| 01:18 | 6  | Our motion is under Rule 56 we move for                               |
| 01:18 | 7  | judgment as a matter of law that there is no direct                   |
| 01:18 | 8  | infringement of the '800 and '360 patents on the basis                |
| 01:18 | 9  | that those -- the only asserted claims of those two                   |
| 01:18 | 10 | patents are apparatus claims.  The only proffered                     |
| 01:18 | 11 | evidence in this case that is consistent with the                     |
| 01:18 | 12 | Court's rulings is that of direct sales of software                   |
| 01:18 | 13 | alone.  And that there is no proffered evidence under                 |
| 01:18 | 14 | the Court's rulings of the sale of hardware.  And as a                |
| 01:18 | 15 | result, there will be no evidence of infringement.  And               |
| 01:19 | 16 | indirect infringement is out of the case.                             |
| 01:19 | 17 | We also move for the same basis for                                   |
| 01:19 | 18 | judgment as a matter of law that there are no damages                 |
| 01:19 | 19 | for those two, or at least that the plaintiff cannot                  |
| 01:19 | 20 | prove any damages for those two patents on the same                   |
| 01:19 | 21 | basis, because the damages evidence that they have                    |
| 01:19 | 22 | proffered in this case is tied entirely to the sale of                |
| 01:19 | 23 | software which cannot by law infringe apparatus claims.               |
| 01:19 | 24 | THE COURT:  And in addition to that, on                               |
| 01:19 | 25 | the '800 the Daubert that I had already granted.                      |

```
01:19   1                    MR. ROSENTHAL:  And on that basis as
01:19   2    well, Your Honor.
01:19   3                    THE COURT:  Okay.
01:19   4                    MR. ROSENTHAL:  Thank you.
01:19   5                    THE COURT:  Yes, sir?
01:19   6                    MR. WALDROP:  Your Honor, for the record,
01:19   7    we would oppose that motion, Your Honor.  And we ask
01:19   8    and state that by operation of law, Your Honor, and
01:19   9    your rulings from this morning previously, that we
01:19  10    cannot present a damages case and maybe an infringement
01:19  11    case, Your Honor.  And we ask that you enter in your
01:19  12    findings of fact in this case, Your Honor.
01:19  13                    THE COURT:  A response?
01:20  14                    MR. ROSENTHAL:  Your Honor, I'm not sure
01:20  15    how an opposition plays here.  Either they're going to
01:20  16    present the evidence --
01:20  17                    THE COURT:  That's what I think as well.
01:20  18                    MR. ROSENTHAL:  -- or they're not.
01:20  19                    THE COURT:  Right.
01:20  20                    MR. ROSENTHAL:  And if the answer is that
01:20  21    they're not, then there is no basis to oppose.  So we
01:20  22    think it ought to be dismissed with prejudice.
01:20  23                    THE COURT:  What you have to put on the
01:20  24    record, Counsel -- I understand you're opposing the
01:20  25    motions.  But if there's anything substantive with
```

```
01:20   1   which you disagree about what Counsel just said -- and
01:20   2   I understand you blame the Court for it and that's
01:20   3   fine, the rulings of the Court for the situation you're
01:20   4   in.
01:20   5                But what I heard Mr. Rosenthal say, I
01:20   6   think you've articulated very clearly on the record
01:20   7   that given my rulings, both with respect to the
01:20   8   hardware and with respect to the Daubert on just the
01:21   9   '800, that a motion -- if my -- if my rulings were
01:21  10   correct -- which Plaintiff disagrees with on the
01:21  11   record -- but if my rulings were correct, then you are
01:21  12   unable to put on evidence that would support a finding
01:21  13   of infringement or damages on -- and I've already -- my
01:21  14   brain's already gone -- on the '800 and the --
01:21  15                MR. ROSENTHAL:  '360, Your Honor.
01:21  16                THE COURT:  '360 patent.
01:21  17                Do you agree with that?
01:21  18                MR. WALDROP:  Yes, Your Honor.  We
01:21  19   cannot.
01:21  20                THE COURT:  Okay.  Then I'm going to
01:21  21   grant those motions.  Which what I -- now, let me ask
01:21  22   you all this.
01:21  23                And you can start, Mr. Waldrop, just
01:21  24   because you're up.
01:21  25                I doubt the jury was dramatically
```

```
 1   UNITED STATES DISTRICT COURT  )
 2   WESTERN DISTRICT OF TEXAS     )
 3
 4
 5              I, Kristie M. Davis, Official Court
 6   Reporter for the United States District Court, Western
 7   District of Texas, do certify that the foregoing is a
 8   correct transcript from the record of proceedings in
 9   the above-entitled matter.
10              I certify that the transcript fees and
11   format comply with those prescribed by the Court and
12   Judicial Conference of the United States.
13              Certified to by me this 26th day of
14   February 2023.
15
                              /s/ Kristie M. Davis
16                            KRISTIE M. DAVIS
                              Official Court Reporter
17                            800 Franklin Avenue
                              Waco, Texas 76701
18                            (254) 340-6114
                              kmdaviscsr@yahoo.com
19
20
21
22
23
24
25
```