IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| WSOU INVESTMENTS LLC,<br>*Plaintiff,*<br><br>v.<br><br>DELL TECHNOLOGIES INC., DELL INC., EMC CORPORATION, and VMWARE, INC.,<br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 6:20-CV-00480-ADA |

ORDER ADOPTING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation of United States Magistrate Judge Derek T. Gilliland. ECF No. 345. The Report recommends that this Court: (1) deny Plaintiff's Daubert Motion to Exclude Certain Opinions In the Expert Report of Stephen L. Becker, Ph.D. Or In The Alternative Strike Portions of the Expert Report of Stephen L. Becker, Ph.D. (ECF No. 254); (2) deny Plaintiff's Motion to Strike Certain Portions of Defendants' Expert Reports and Rule 26(a)(2)(C) Disclosure (ECF No. 255); (3) deny Plaintiff's Motion to Exclude Certain Opinions In the Expert Reports of Benjamin F. Goldberg, Ph.D. And Kevin Jeffay, Ph.D. Regarding Invalidity of U.S. Patent No. 9,164,800 And Licensing Opinions of Tajana Rosing, Ph.D. and Kevin Jeffay, Ph.D. (ECF No. 256); (4) deny Plaintiff's Motion for Partial Summary Judgment For Validity of U.S. Patent No. 9,164,800 (ECF No. 257); (5) grant as unopposed Plaintiff's Motion for Partial Summary Judgment and Supplemental Motion i*n Limine* (ECF No. 294); (6) deny Defendants' Motion to Dismiss First Amended Complaint for Failure to State a Claim (ECF No. 38); (7) deny Defendants' Opposed Motion for Intra-District Transfer of Venue to the Austin Division of the Western District of Texas (ECF No. 43); (8) deny Defendants' Opposed Motion to Dismiss for Lack of Subject Matter Jurisdiction Under Federal Rule of Civil

Procedure 12(b)(1) (ECF No. 196); (9) deny-in-part and grant-in-part Defendants' Motion to Exclude Certain Portions of Mr. Roy Weinstein's Expert Report (ECF No. 246); (10) grant Defendants' Motion to Strike Certain Portions of Mr. Roy Weinstein's Expert Report (ECF No. 250); (11) deny Defendants' Motion to Exclude Certain Opinions of Stan McClellan, Ph.D. (ECF No. 248); (12) grant as unopposed Defendants' Motion to Strike Certain Portions of Dr. Stan McClellan's Expert Report Regarding Indirect Infringement (ECF No. 252); (13) deny Defendants' Motion to Strike Certain Opinions of Dr. Stan McClellan Concerning Infringement of U.S. Patent No. 7,539,133 (ECF No. 242); and (14) deny Defendants' Motion for Summary Judgment of Non-Infringement of U.S. Patent No. 7,539,133 (ECF No. 244).

A party may file specific, written objections to the proposed findings and recommendations of the magistrate judge within fourteen days after being served with a copy of the report and recommendation, thereby securing *de novo* review by the district court. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). A district court need not consider "[f]rivolous, conclusive, or general objections." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996)).

Defendants' filed objections on February 10, 2023. ECF No. 357. Specifically, Defendants object to the Magistrate Judge's recommendation to (1) deny-in-part Defendants' Motion to Exclude Certain Portions of Mr. Roy Weinstein's Expert Report (ECF No. 246); (2) deny Defendants' motions to strike or exclude certain opinions of Stan McClellan, Ph.D. (ECF Nos. 242, 248); (3) deny-in-part Defendants' Motion for Summary Judgment of Non-Infringement of U.S. Patent No. 7,539,133 (ECF No. 244); (4) deny Defendants' Opposed Motion to Dismiss for Lack of Subject Matter Jurisdiction Under Federal Rule of Civil Procedure 12(b)(1) (ECF No.

196); and (5) deny Defendants' Opposed Motion for Intra- District Transfer of Venue to the Austin Division of the Western District of Texas (ECF No. 43). Plaintiff filed a response to Defendants' objections on February 17, 2023. ECF No. 385.

Plaintiff also filed objections on February 10 and 13, 2023. ECF Nos. 358−366. Specifically, Plaintiff objects to the Magistrate Judges recommendation to (1) deny Plaintiff's Motion to Exclude Certain Opinions In the Expert Reports of Benjamin F. Goldberg, Ph.D. And Kevin Jeffay, Ph.D. Regarding Invalidity of U.S. Patent No. 9,164,800 And Licensing Opinions of Tajana Rosing, Ph.D. and Kevin Jeffay, Ph.D. (ECF No. 256); (2) deny Plaintiff's Motion for Partial Summary Judgment For Validity of U.S. Patent No. 9,164,800 (ECF No. 257); (3) grant Defendants' Motion to Strike Certain Portions of Mr. Roy Weinstein's Expert Report (ECF No. 250); (4) deny Plaintiff's Motion to Strike Certain Portions of Defendants' Expert Reports and Rule 26(a)(2)(C) Disclosure (ECF No. 255); (5) deny Plaintiff's Daubert Motion to Exclude Certain Opinions In the Expert Report of Stephen L. Becker, Ph.D. Or In The Alternative Strike Portions of the Expert Report of Stephen L. Becker, Ph.D. (ECF No. 254); and (6) grant-in-part Defendants' Motion to Exclude Certain Portions of Mr. Roy Weinstein's Expert Report (ECF No. 246). *Id.* Defendants filed a response to Plaintiff's objections on February 20, 2023. ECF No. 387.

The Court has conducted a *de novo* review of the briefing, the report and recommendation, the objections to the report and recommendation, the response to the objections, and the applicable laws. After that thorough review, the Court is persuaded that the Magistrate Judge's findings and recommendation should be adopted.

**IT IS THEREFORE ORDERED** that the Report and Recommendation of United States Magistrate Judge Gilliland, ECF No. 345, is **ADOPTED** in its entirety.

**IT IS FURTHER ORDERED** that Defendants' and Plaintiff's objections are **OVERRULED**.

**IT IS FURTHER ORDERED** that the motions listed above are ruled on in accordance with the Report and Recommendation.

**SIGNED** this 29th day of March, 2023.

_____
**ALAN D ALBRIGHT**
**UNITED STATES DISTRICT JUDGE**